UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE PROCEED AGAINST DEFENDANTS CIUFO, MILLER, AND ZARAGOZA FOR FAILURE TO PROTECT PLAINTIFF UNDER THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.     BACKGROUND**

Mitchell Garraway ("Plaintiff") is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). On April 17, 2017, Plaintiff filed the Complaint commencing this action, which is now before the court for screening. (ECF No. 1.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF COMPLAINT

Plaintiff is presently incarcerated at the U.S. Penitentiary (USP)-Pollock in Pollock, Louisana. The events at issue in the Complaint allegedly occurred at USP-Atwater in Atwater, California, when Plaintiff was incarcerated there in the custody of the Federal Bureau of Prisons. Plaintiff names as defendants Jacquiline Ciufo (Unit Manager), Corrections Officer K. Miller, and Lieutenant J. Zaragoza (collectively, "Defendants").

Plaintiff's allegations follow. On March 20, 2016, Officer Ciprian [not a defendant], Officer Villegas [not a defendant], and Plaintiff all informed defendant Zaragoza that Plaintiff's cell mate had cut Plaintiff's nose with a razor. Defendant Zaragoza refused to take any action. Plaintiff asked defendant Zaragoza to move him to one of several empty cells in 5B Unit. Defendant Zaragoza, a supervising staff member, refused to instruct defendant Miller to move Plaintiff.

On March 20, 2016, Officer Ciprian [not a defendant] and Plaintiff informed defendant Miller about Plaintiff's cell mate cutting Plaintiff's nose. Plaintiff asked defendant Miller to move him to one of the empty cells in 5B Unit, but defendant Miller refused. Officer Ciprian [not a defendant] also asked defendant Miller to move Plaintiff to one of the empty cells in 5B Unit, but defendant Miller refused.

On March 21, 2016, Plaintiff informed defendant Ciufo about Plaintiff's cell mate cutting Plaintiff's nose, and requested defendant Ciufo to move Plaintiff to one of the empty cells in 5B Unit. Defendant Ciufo refused.

On April 2, 2016, in 4A Unit, the same cell mate struck Plaintiff on the left side of his jaw. Defendant Ciufo placed Plaintiff's cell mate in the cell with Plaintiff without Plaintiff's consent. Plaintiff's cell mate had a long history of serious assaults in which his victims required hospitalization. For example, he beat an inmate about the head with padlocks tied inside a pillowcase (Lewisberg Penitentiary), and stabbed an inmate with a shank (Atwater Penitentiary). Defendants Ciufo, Miller, and Zaragoza were aware of these assaults.

Plaintiff suffered swelling and pain on the left side of his jaw. He continues to suffer pain when chewing food.

Plaintiff requests monetary damages and injunctive relief.

### IV. PLAINTIFF'S CLAIMS

Plaintiff brings Bivens claims under the Eighth Amendment and 18 U.S.C. § 4042.

#### A. Bivens

A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250, 126 S.Ct. 1695 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing see Schearz v. United States, 234 F.3d 428, 432 (9th Cir. 2000). A Bivens claim is only available against officers in their individual

capacities. Morgan v. U.S., 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

Plaintiff must allege facts linking each named defendant to the violation of his rights. Iqbal, 556 U.S. at 676; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The factual allegations must be sufficient to state a plausible claim for relief, and the mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

### B.   Failure to Protect -- Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. E.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm

4

or with the knowledge that harm will result." <u>Farmer</u>, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." <u>Id.</u> at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." <u>Id.</u> at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." <u>Id.</u> at 837; <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. <u>Farmer</u>, 511 U.S. at 842; <u>Wallis v. Baldwin</u>, 70 F.3d 1074, 1077 (9th Cir. 1995).

The court finds, based on its screening of Plaintiff's Complaint and applying the liberal standards of construction required in *pro se* cases, <u>see</u> <u>Hebbe v. Pliler</u>, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's "obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"), that Plaintiff has pleaded sufficient factual content to state a plausible claim for relief. Therefore, the court finds that Plaintiff states a cognizable claim under the Eighth Amendment against defendants Ciufo, Miller, and Zaragoza for failing to protect him.

### C. 18 U.S.C. § 4042

Plaintiff also brings a claim under 18 U.S.C. § 4042(a)(3) against Defendants. 18 U.S.C. § 4042(a)(3) provides that "the Bureau of Prisons, under the direction of the Attorney General, shall provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]"

"Courts have repeatedly found that 'section 4042 does not create a private right of action against federal officials' in civil rights actions." <u>Curry v. FPC Lompoc Med Dir.</u>, No. CV 16-7523 AB (SS), 2017 WL 1520415, at *7 (C.D. Cal. Apr. 26, 2017) (citing <u>Harper v. Williford</u>, 96 F.3d 1526, 1527 (D.C. Cir. 1996); <u>see also</u> <u>Williams v. United States</u>, 405 F.2d 951, 954 (9th Cir. 1969) ("[§ 4042] does not impose a duty on any officials who may be responsible to the Bureau of Prisons, and does not establish a civil cause of action against

anyone in the event the Bureau's duty is breached."); Martinez v. United States, 812 F. Supp. 2d 1052, 1061 (C.D. Cal. 2010) (same) (citing Williams)); accord De La Cruz v. United States, No. 115CV00545AWISABPC, 2015 WL 6705732, at *2 (E.D. Cal. Nov. 3, 2015). Accordingly, Plaintiff cannot state a claim under this statute.

## V.  CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff states cognizable Eighth Amendment claims against defendants Ciufo, Miller, and Zaragoza for failing to protect him. However, the court finds that Plaintiff fails to state any other claims against any of the Defendants upon which relief may be granted under § 1983.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id.

This case should proceed with Plaintiff's Eighth Amendment claim against Defendants. However, Plaintiff should not be granted leave to amend the Complaint. The court finds that it would be futile to allow Plaintiff to amend the Complaint to cure deficiencies in his claim under 18 U.S.C. § 4042, because § 4042 does not create a private right of action against federal officials in civil rights actions. Therefore, Plaintiff should not be granted leave to amend the Complaint.

Based on the foregoing, the court finds that Plaintiff's Complaint should now proceed against defendants Ciufo, Miller, and Zaragoza on Plaintiff's Eighth Amendment claim for failing to protect Plaintiff from harm, and Plaintiff's claim under 18 U.S.C. § 4042 should be dismissed for failure to state a claim.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1.  This case proceed against defendants Ciufo, Miller, and Zaragoza for failure to protect Plaintiff under the Eighth Amendment, and all other claims be dismissed for failure to state a claim;

///

2. Plaintiff's claim under 18 U.S.C. § 4042 be dismissed for failure to state a claim upon which relief may be granted under § 1983, without leave to amend; and

4. This case be referred back to the Magistrate Judge for further proceedings, including initiation of service of process.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 9, 2018**          **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE