UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JACQUILINE CIUFO, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00533-DAD-GSA (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 30) |

On January 2, 2019, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

| | |
|---|---|
| 1 | In the present case, Plaintiff argues that the facility where he is incarcerated has remained on lockdown for much of 2018, preventing him from earning wages to purchase supplies needed to litigate this action and visiting the law library to make copies, conduct research, and devise legal strategy. Plaintiff also seeks counsel to act as custodian for discovery. While these conditions make it challenging for Plaintiff to litigate his case, they do not make Plaintiff's case exceptional under the law. At this stage of the proceedings, the court cannot find that Plaintiff is likely to succeed on the merits. While the court has found that "based on its screening of Plaintiff's Complaint and applying the liberal standards of construction required in *pro se* cases, see Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's 'obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt'), that Plaintiff has pleaded sufficient factual content to state a plausible claim for relief," these findings are not a determination that Plaintiff is likely to succeed on the merits. (ECF No. 11 at 5:11-15, adopted by ECF No. 12.) The legal issue in this case -- whether defendants failed to protect Plaintiff from harm -- is not complex. Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings. |

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 9, 2019**     **/s/ Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE