UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**ORDER GRANTING MOTION FOR STAY AND EXTENSION OF TIME IN LIGHT OF LAPSE IN APPROPRIATIONS**<br>**(ECF No. 33.)** |

**I.    BACKGROUND**

Plaintiff Mitchell Garraway is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with the original Complaint against defendants Jacquiline Ciufo (Unit Manager), Corrections Officer K. Miller, and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff under the Eighth Amendment. This case is currently in the discovery phase.

On January 11, 2019, Defendants filed a motion for stay and extension of time to respond to discovery. (ECF No. 33.)

**II.    MOTION FOR STAY AND EXTENSION OF TIME**

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power

inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.") Stays of proceedings in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987). In addition, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." Fed. R. Civ. P. 6(b)(1).

Defendants assert that the continuing resolution that had been funding the Department of Justice expired at midnight on December 22, 2018, causing a lapse in appropriations for an indefinite time. Due to the lack of appropriations, Department of Justice attorneys are prohibited from working except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Defense counsel requests a stay of Defendants' time to respond to discovery until Congress has restored appropriations. Counsel also requests a thirty-day extension of time following the date of restored funding to the Department of Justice for Defendants to respond to discovery received after the appropriations lapse to allow time for counsel to prepare responses. Counsel has agreed to notify the court as soon as Congress has appropriated funds for the Department of Justice.

The court does not lightly stay litigation due to the possibility of prejudice. However, Defendants have shown good cause for a stay of their time to respond to discovery pending the restoration of funding to the Department of Justice by Congress, and the court finds that any prejudice to the parties is outweighed by the necessity of a stay. Therefore, the court shall grant Defendants' motion for stay and extension of time.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion for stay and extension of time, filed on January 11, 2019, is GRANTED;
2. Defendants are granted a stay of their time to respond to discovery until funds are restored to the Department of Justice by Congress;

3. Defendants are granted a thirty-day extension of time in which to respond to discovery received after the appropriations lapse; and

4. Defendants shall notify the court as soon as Congress has appropriated funds for the Department of Justice.

IT IS SO ORDERED.

Dated: **January 15, 2019**           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE