UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY, | 1:17-cv-00533-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| vs. | **(ECF No. 36.)** |
| JACQUILINE CIUFO, et al., | |
| Defendants. | |

**I.  BACKGROUND**

Plaintiff Mitchell Garraway is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacquiline Ciufo (Unit Manager), Corrections Officer K. Miller, and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff under the Eighth Amendment.

On January 28, 2019, Plaintiff filed an opposition to the court's order issued on January 15, 2019. (ECF No. 36.) The court construes Plaintiff's opposition as a motion for reconsideration of the court's order.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

The court's order in question granted Defendants' motion for stay and extension of time in light of a lapse in appropriations due to the federal government's shutdown. (ECF No. 34.) Because of the shutdown Department of Justice attorneys, including defense counsel in this case, were prohibited from working during the shutdown except in very limited circumstances. The court granted Defendants a stay of their time to respond to discovery until funds are restored to the Department of Justice by Congress, and a thirty-day extension of time in which to respond to discovery received after the appropriations lapse.

Plaintiff raises unfounded speculation that the court's order will allow the Bureau of Prisons time to purge documents from its computerized system of records which he claims will deny him crucial evidence to support his claims. Plaintiff also argues that Defendants already had ample time to produce the documents requested by Plaintiff on December 11, 2018, and they should not be allowed additional time.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

**IV. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on January 28, 2019, is DENIED.

IT IS SO ORDERED.

    Dated: **January 31, 2019**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE