UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY, <br><br> Plaintiff, <br><br> vs. <br><br> JACQUILINE CIUFO, et al., <br><br> Defendants. | 1:17-cv-00533-DAD-GSA-PC <br><br> **ORDER GRANTING IN PART DEFENDANTS' MOTION FOR STAY OF DISCOVERY** <br> **(ECF No. 43.)** <br><br> **ORDER STAYING DISCOVERY, EXCEPT FOR LIMITED PURPOSE DESCRIBED BY THIS ORDER, PENDING RESOLUTION OF DEFENDANT MILLER'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** <br> **(ECF Nos. 41, 42.)** |

**I.   BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On October 27, 2018, the court issued a Discovery and Scheduling Order which established a deadline of May 27, 2019, for completion of discovery and a deadline of July 27,

1

2019, for the filing of dispositive motions. (ECF No. 26.) On February 26, 2019, defendant Miller filed a motion for summary judgment, (ECF No. 41), and defendants Ciufo, Miller, and Zaragoza filed a motion for judgment on the pleadings (ECF No. 42). The motion for summary judgment and motion for judgment on the pleadings are now pending.

On February 26, 2019, Defendants filed a motion to stay discovery regarding their motion for judgment on the pleadings. (ECF No. 43). On March 12, 2019, Plaintiff filed an opposition to the motion. (ECF No. 49.) Defendants' motion for stay is now before the court. Local Rule 230(*l*).

## II. MOTION FOR STAY

The court has inherent authority to manage the cases before it. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance."); Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007). The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1). District courts may exercise "wide discretion in controlling discovery." Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). A stay of discovery pending the resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. See id. (noting furtherance of efficiency goal when staying discovery pending resolution of immunity issue). Indeed, the Ninth Circuit has recently held that staying discovery pending the resolution of an exhaustion motion is proper. See Albino v. Baca, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (establishing propriety of delaying discovery pending resolution of exhaustion motion). Stays of proceeding in federal court . . . are committed to the discretion of the trial court. See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Defendants request a stay of discovery in this action until their motion for judgment on the pleadings is resolved, arguing that a ruling on that motion may end the case. In accordance

with other recent decisions of this court, Defendants seek to dismiss Plaintiff's Bivens claims due to the Supreme Court's ruling in Ziglar v. Abbasi, 137 S.Ct. 1843 (2017). Defendants argue that a stay of discovery will avoid needless work for the court, including resolving discovery disputes that may be rendered moot by the court granting the Abbasi motion.

In opposition, Plaintiff argues that the Abbasi decision does not apply to his case as Abassi involves an excessive force claim and this case involves claims for deliberate indifference and failure to protect. Plaintiff argues that his claims are not different from previous deliberate indifference and failure to protect cases and therefore there is no need to stay discovery.

**Discussion**

This court does not lightly stay litigation, due to the possibility of prejudice. A stay of all discovery would be prejudicial to Plaintiff if he cannot fully defend against Defendants' dispositive motions. Defendants' motion for judgment on the pleadings concerns whether Plaintiff's Bivens claims are barred under Abassi, and defendant Miller's motion for summary judgment concerns whether Plaintiff exhausted his administrative remedies. The court agrees that discovery in this case should be stayed with the exception of discovery related to the Abassi issue. All other discovery, including discovery concerning the merits of Plaintiff's Eighth Amendment claims, shall be stayed until after Defendants' dispositive motions have been resolved.

Based on the above, Defendants' motion to stay discovery shall be granted in part. Except for discovery related to whether Plaintiff fails to state a claim under Abassi, the parties are precluded from responding to any discovery requests, or serving further discovery requests, until the stay is lifted. If the parties have been served with discovery requests that do not relate to Abassi, they shall retain the discovery for later consideration after the stay has been lifted.[1]

///

**III. CONCLUSION**

---

[1] On January 17, 2019, Plaintiff filed a motion to compel discovery responses from Defendants. (ECF No. 35.) In the motion, Plaintiff does not seek any discovery relating to the Abassi issue. Therefore, the court shall defer ruling on Plaintiff's motion to compel until after Defendants' motion for judgment on the pleadings is resolved.

3

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to stay discovery, filed on February 26, 2019, is GRANTED in part;
2. Discovery in this action is STAYED, with the exception of discovery related to whether Plaintiff fails to state a claim under <u>Abassi</u>, pending resolution of the motion for judgment on the pleadings filed by defendants Ciufo, Miller, and Zaragoza on February 26, 2019; and
3. Following the resolution of defendants' motion for judgment on the pleadings, the court shall issue a new scheduling order if needed.

IT IS SO ORDERED.

Dated: **March 29, 2019**           **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE