UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>    vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DEPOSITIONS (ECF No. 71.)** |

Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On April 1, 2019, the court issued an order staying discovery in this case except for discovery related to whether Plaintiff's Bivens claims are barred under Ziglar v. Abassi, 137 S. Ct. 1843 (2017). (ECF No. 65.)

On May 3, 2019, Plaintiff filed a motion for leave to take depositions of the three Defendants, along with non-inmate potential witnesses Ciprian and A. Johnson, by video conference or in person. (ECF No. 71.) Plaintiff argues that the current discovery system is unfair and prejudicial to him because (1) he has been denied access to discovery material, (2) his

ability to effectively litigate this case now, and during a potential trial has been hindered, and (3) he has been prevented from obtaining names of potential witnesses by keeping their names hidden from him. For example, Plaintiff asserts that he sought names and titles of Federal Bureau of Investigation Office of Internal Affairs staff who conducted the investigation of assaults on Plaintiff at USP-Atwater; and, Defendants failed to provide the names and gave an evasive response. In addition, Plaintiff asserts that Defendants have refused to provide details about the investigation in response to Plaintiff's motion for production of documents.

Plaintiff is reminded that all discovery is currently stayed in this case except for discovery related to whether Plaintiff's Bivens claims are barred under Abassi. Discovery devices include depositions, Fed. R. Civ. P. 27-32, and therefore the parties are precluded from conducting depositions during the stay except for depositions related to the Abassi issue. Plaintiff has not asserted that the depositions he seeks to conduct will be limited to the Abassi issue. Therefore, Plaintiff's motion to conduct depositions shall be denied.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to conduct depositions, filed on May 3, 2019, is DENIED.

IT IS SO ORDERED.

Dated: **May 8, 2019**     /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE