UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>           Plaintiff,<br><br>    vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>           Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ABASSI-RELATED DISCOVERY**<br>**(ECF No. 70.)** |

## I. BACKGROUND

Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On February 26, 2019, defendant Miller filed a motion for summary judgment for Plaintiff's failure to exhaust administrative remedies for his claims against defendant Miller. (ECF No. 41.) Also on February 26, 2019, defendants Ciufo, Miller, and Zaragoza filed a motion for judgment on the pleadings requesting dismissal of this case for Plaintiff's failure to state a claim pursuant to the Supreme Court's ruling in Ziglar v. Abassi, 137 S. Ct. 1843 (2017). (ECF

No. 42.) The motion for summary judgment and motion for judgment on the pleadings are pending.

On February 26, 2019, Defendants filed a motion to stay all discovery pending resolution of the motion for judgment on the pleading as resolution of the motion may end the case. (ECF No. 43.) On April 1, 2019, the court granted the motion to stay in part, staying all discovery except for discovery related to the Abassi issue pending resolution of the motion for judgment on the pleadings. (ECF No. 65.)

On April 29, 2019, Plaintiff filed a motion to compel production of Abassi-related discovery. (ECF No. 70.) On May 21, 2019, Defendants filed an opposition. (ECF No. 75.) Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II.   ABASSI ISSUE -- BIVENS CLAIMS

On June 19, 2017, the Supreme Court "made [it] clear that expanding the Bivens remedy is now a 'disfavored' judicial activity," which is "in accord with the Court's observation that it has 'consistently refused to extend Bivens to any new context or new category of defendants.'" Ziglar v. Abbasi, 137 S. Ct. 1843, 1857 (2017) (first quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009); then quoting Correctional Services Corp. v. Malesko, 534 U.S. 61, 68 (2001)). Abassi sets forth a two-part test to determine whether a Bivens claim may proceed. 137 S. Ct. at 1859-60. A district court must first consider whether the claim presents a new context from previously established Bivens remedies, and if so, it must then apply a "special factors" analysis to determine whether "special factors counsel hesitation" in expanding Bivens in the absence of affirmative action by Congress. Abassi, 137 S.Ct. at 1857-60.

## III.   PLAINTIFF'S MOTION TO COMPEL

Under Rule 37 of the Federal Rules of Civil Procedure, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828,

833 (9th Cir. 2011)). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.

Plaintiff requests the court to compel Defendants to respond to his "Abassi-related" discovery requests," (1) requests for production of documents, numbers 4-9; (2) request for admissions (first set), numbers 1-21; and (3) interrogatories (first set), numbers 7-13. (ECF No. 70.) Plaintiff states that he "re-submitted" this discovery to Defendants on April 9, 2019, and Defendants have not responded. (Id.)

Defendants argue that Plaintiff's motion should be denied because none of the asserted discovery, which was the subject of Plaintiff's prior motions to compel at ECF Nos. 35 and 66, has anything to do with the Abassi issue.

**IV.    DISCUSSION**

As discussed above, the court's order of April 1, 2019, stayed all discovery in this action except for discovery related to the Abassi issue pending resolution of the motion for judgment on the pleadings. (ECF No. 65.) Therefore, at this stage of the proceedings, Plaintiff is precluded from proceeding with any discovery not related to the Abassi issue.

There is no evidence that Plaintiff's discovery is related to the Abassi issue. In the motion to compel Plaintiff merely refers to his discovery as "Abassi-related" without explanation or evidence. Plaintiff has not submitted copies of the discovery requests nor responses to his motion to compel for the court's review. To the extent that Plaintiff's discovery at issue was the subject of Plaintiff's January 17, 2019 and April 1, 2019 motions to compel, as asserted by Defendants, the court finds that none of the discovery submitted with those motions is Abassi-related. None of it concerns whether Plaintiff's Bivens' claims are viable according to the Supreme Court's observations in Ziglar v. Abbasi.

Furthermore, Plaintiff's motion must be denied as procedurally defective. A motion to compel must be accompanied by a copy of the discovery requests at issue and a copy of Defendant's responses to the discovery requests. As the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why defendant's objection is not justified. Plaintiff has not done so. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied with Defendants' objections, and that he wants an order compelling responses.

**V.  CONCLUSION**

Based on the foregoing, Plaintiff's motion to compel, filed on April 29, 2019, is DENIED.

IT IS SO ORDERED.

Dated:  **July 22, 2019**                    **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE