UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY, | 1:17-cv-00533-DAD-GSA-PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED (ECF No. 79.)** |
| vs. | |
| JACQUILINE CIUFO, et al., | |
| Defendants. | **OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On July 23, 2019, Plaintiff filed a motion for a temporary restraining order. (ECF No. 79.) On July 25, 2019, Defendants file an opposition to the motion. (ECF No. 81.) Because Plaintiff seeks a court order compelling prison officials to act, or to refrain from acting, the court construes Plaintiff's motion as a request for preliminary injunctive relief.

1

## II. PRELIMINARY INJUNCTIVE RELIEF

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

### Analysis

Plaintiff seeks a court order compelling officers at the United States Penitentiary (USP)-Coleman in Coleman, Florida, to refrain from tampering with his mail, remove his name from the "SIS/SIA" list, release his mail to him, permit him to purchase postage stamps during lockdowns, designate mailroom staff to make daily rounds to pick up his legal and special mail and enter it into a mail room log book in his presence, ensure that he receive daily showers during all lockdowns, and transfer him to a different BOP facility to prevent retaliation against him. (ECF No. 79 at 4:1.)

Defendants argue that Plaintiff's motion should be denied because it is procedurally deficient, failing to comply with Local Rule 231; it seeks to enjoin actions by individuals who are not parties to this case; and it raises issues completely unrelated to the alleged events that form the basis for Plaintiff's claims in this lawsuit

Defendants raise meritorious arguments. The court lacks jurisdiction to issue the order sought by Plaintiff because the order would not remedy any of the claims upon which this case proceeds. This case was filed against defendants Ciufo, Miller, and Zaragoza based on events occurring before April 2017 at USP-Atwater in Atwater, California, when Plaintiff was

incarcerated there. Plaintiff now requests a court order protecting him from present and future actions by officers at USP-Coleman where Plaintiff is presently incarcerated. Because such an order would not remedy any of the claims in this case, which are based upon events occurring before April 2017 at USP-Atwater, and because none of the individuals Plaintiff seeks to enjoin are parties to this action, the court lacks jurisdiction to issue the order sought by Plaintiff. Therefore Plaintiff's motion must be denied.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's request for preliminary injunctive relief, filed on July 23, 2019, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2019**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE