UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS BE GRANTED, DISMISSING THIS CASE WITH PREJUDICE**<br>**(ECF No. 42.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.    BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On October 27, 2018, the court issued a Discovery and Scheduling Order establishing a deadline of May 27, 2019, for completion of discovery and a deadline of July 27, 2019, for the

1

filing of dispositive motions. (ECF No. 26.) On February 26, 2019, defendant Miller filed a motion for summary judgment, (ECF No. 41), and defendants Ciufo, Miller, and Zaragoza filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, (ECF No. 42).

On February 26, 2019, Defendants filed a motion to stay discovery, and on April 1, 2019, the court granted the motion in part, staying all discovery with the exception of discovery related to whether Plaintiff fails to state a claim under Abassi,[1] pending resolution of the motion for judgment on the pleadings. (ECF Nos. 43, 65.)

On March 18, 2019, Plaintiff filed briefs in opposition to Defendants' motion for judgment on the pleadings. (ECF Nos. 50, 54, 58, 61.) On April 5, 2019, Defendants filed a reply to the opposition. (ECF No. 68.)

Defendants' motion for judgment on the pleadings is now before the Court. L.R. 230(*l*).

## II. PLAINTIFF'S ALLEGATIONS AND CLAIMS

The events at issue in the Complaint allegedly occurred at the United States Penitentiary-Atwater in Atwater, California, when Plaintiff was incarcerated there in the custody of the Federal Bureau of Prisons.

Plaintiff's allegations follow.

On March 20, 2016, Officer Ciprian [not a defendant], Officer Villegas [not a defendant], and Plaintiff all informed defendant Lieutenant Zaragoza that Plaintiff's cellmate had cut Plaintiff's nose with a razor. Defendant Lieutenant Zaragoza refused to take any action. Plaintiff asked defendant Zaragoza to move him to one of several empty cells in 5B Unit. Defendant Zaragoza, who is a supervising staff member, refused to instruct defendant C/O Miller to move Plaintiff.

On March 21, 2016, Plaintiff informed defendant Ciufo, the Unit Manager, about Plaintiff's cellmate cutting Plaintiff's nose and asked her (Ciufo) to move Plaintiff to one of the empty cells in 5B Unit. Defendant Ciufo refused.

---

[1] Ziglar v. Abassi, 137 S.Ct. 1843, 1855, 198 L.Ed.2d 290 (2017).

2

On April 2, 2016, in 4A Unit, the same cellmate struck Plaintiff on the left side of his jaw. Defendant Ciufo had placed Plaintiff's cellmate in the cell with Plaintiff without Plaintiff's consent. Plaintiff's cellmate had a long history of serious assaults in which his victims required hospitalization. For example, he beat an inmate about the head with padlocks tied inside a pillowcase at Lewisberg Penitentiary and stabbed an inmate with a shank at Atwater Penitentiary. Defendants Ciufo, Miller, and Zaragoza were aware of these assaults.

Plaintiff suffered swelling and pain on the left side of his jaw. He continues to suffer pain when chewing food.

Based on these allegations, Plaintiff brings a <u>Bivens</u> claim under the Eighth Amendment against Defendants for failing to protect him from harm in violation of the Eighth Amendment. Plaintiff requests monetary damages and injunctive relief.

## III. LEGAL STANDARDS

### A. Motion for Judgment on the Pleadings

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. <u>Ventress v. Japan Airlines</u>, 603 F.3d 676, 681 (9th Cir. 2010) (quoting <u>Fajardo v. County of L.A.</u>, 179 F.3d 698, 699 (9th Cir. 1999)). The court must assume the truthfulness of the material facts alleged in the complaint, <u>Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.</u>, 637 F.3d 1047, 1053 (9th Cir. 2011), and "treat as false the allegations in the answer that contradict" the complaint, <u>Elvig v. Calvin Presbyterian Church</u>, 375 F.3d 951, 955 (9th Cir. 2004). All inferences reasonably drawn from these facts must be construed in favor of the responding party. <u>General Conference Corp. of Seventh–Day Adventists v. Seventh Day Adventist Congregation Church</u>, 887 F.2d 228, 230 (9th Cir. 1989).

The legal standard that governs a Rule 12(c) motion is the same as that which governs a Rule 12(b)(6) motion. <u>Chavez v. United States</u>, 683 F.3d 1102, 1108 (9th Cir. 2012). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or

sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 540, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Secs. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008)

If matters outside the pleadings are considered, the motion shall be treated as one for summary judgment. Fed. R. Civ. P. 12(c). A district court may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice— without converting the motion to dismiss [or motion for judgment on the pleadings] into a motion for summary judgment." United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); see also Summit Media LLC v. City of Los Angeles, 530 F.Supp.2d 1084, 1096 (C.D.Cal. 2008). Further, the court may consider the full text of documents referred to in the complaint without converting the motion to a motion for summary judgment, provided that the document is central to plaintiff's claim and no party questions the authenticity of the document. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006). Also, extrinsic evidence that is subject to judicial notice may be properly considered in a Rule 12(c) motion. Heliotrope Gen., Inc. v. Ford Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999).

**B.     Bivens Claims**

Bivens established that the victims of a constitutional violation by a federal agent "have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right." Carlson v. Green, 446 U.S. 14, 18, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). The Supreme Court has implied a damages remedy under the Constitution in only three

4

contexts: the Fourth, Fifth, and Eighth Amendments. See Ziglar v. Abassi, 137 S.Ct. 1843, 1854-55, 198 L.Ed.2d 290 (2017) (citing Bivens, 403 U.S. at 396-97, 91 S.Ct. 1999 (Fourth Amendment violation against unreasonable searches and seizures); Carlson v. Green, 446 U.S. 14, 19, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment cruel and unusual punishment for failure to provide adequate medical treatment); and Davis v. Passman, 442 U.S. 228, 248-49, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment violation of Due Process Clause on the basis of gender discrimination)).

More recently, the Supreme Court "adopted a far more cautious course before finding implied causes of action." Abassi, 137 S.Ct. at 1855. Under a two-part test "for determining whether Bivens remedies should be extended," Lanuza v. Love, 899 F.3d 1019, 1023 (9th Cir. 2018 (citing Abassi, 137 S.Ct. at 1859-60), the court must first determine whether the case presents a new Bivens context. "If the case is different in a meaningful way from previous Bivens cases decided by the [Supreme] Court, then the context is new."[2] Id. Second, if a case presents a new context for a Bivens action, the court must determine whether there are any "special factors counselling hesitation," including the availability of alternative remedies, before extending the remedy. Id. at 1857. The court must decide whether any "special factors" would lead the court to believe that the courts, rather than Congress, should authorize a suit for money damages. Rodriguez v. Swartz, 899 F.3d 719, 738 (9th Cir. 2018).

### C. Failure to Protect -- Eighth Amendent Claim

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994) (internal citations and quotations omitted). Prison officials have a duty to take

---

[2] "A case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous Bivens cases did not consider." Abbasi, 137 S. Ct. at 1860.

reasonable steps to protect inmates from physical abuse, id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), and the failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials are deliberately indifferent to a substantial risk of serious harm to the plaintiff, e.g., Farmer, 511 U.S. at 847; Hearns, 413 F.3d at 1040.

## IV.   DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants argue that Plaintiff fails to state a claim under the Supreme Court's ruling in Abassi, 137 S.Ct. 1843, because special factors weigh against implying a Bivens remedy in this new context.

### A.   New Bivens Context

Defendants argue that Plaintiff's claims arise in a new context because the Supreme Court has not approved an Eighth Amendment Bivens claim for failure to prevent inmate assault. Further, Defendants argue that Plaintiff's claims place a different constitutional right at issue than the Supreme Court's prior Eighth Amendment case, Carlson, which concerned a failure to provide life-saving medical treatment to a prisoner suffering from asthma. Plaintiff, by contrast, asserts an Eighth Amendment right to protection from another inmate who allegedly caused him minor injury.

Plaintiff argues that his claims do not constitute a "new context," ECF No. 50 at 1:27-28, because the Supreme Court approved an Eighth Amendment Bivens claim for failure to protect inmates from physical abuse in Farmer, 511 U.S. at 832-34. In addition, Plaintiff asserts that on April 9, 2018, the court issued findings and recommendations finding that he states a cognizable claim in this case under the Eighth Amendment against defendants Ciufo, Miller, and Zaragoza for failing to protect him. Plaintiff argues that Carlson does not apply because the claim is for failure to provide medical treatment, which is not the same as Plaintiff's claim.

Defendants reply that Farmer does not help Plaintiff, because Abassi made clear that Farmer was not one of the three cases in which the Supreme Court had approved a Bivens cause of action. Defendants contend that this makes sense because Farmer assumed but did not decide that a Bivens cause of action existed in that case.

///

///

**Discussion**

Here, Plaintiff brings a case under the Eighth Amendment for Defendants' failure to protect him from injury by his cellmate. The context of Plaintiff's failure-to-protect claims are unlike those in the three cases where the Supreme Court implied a damages remedy under the Constitution. Abassi 137 S.Ct. at 1854-55 (citing Bivens, 403 U.S. at 388; Carlson, 446 U.S. 14; and Davis, 442 U.S. 228). Plaintiff's argument that the Supreme Court implied a damages remedy for failure to protect an inmate in Farmer is unavailing because Abassi determined that "three cases -- Bivens, Davis, and Carlson -- represent the *only* instance in which the Court has approved of an implied damages remedy under the Constitution itself." (emphasis added.) Abassi, 137 S.Ct. at 1855. The Supreme Court permitted only one "Bivens claim for prisoner mistreatment -- specifically for failure to provide medical care."[3] Id. at 1864. Taking into account the Supreme Court's admonition that extending Bivens is now a "disfavored" judicial activity, the court concludes that Plaintiff's case is different in a meaningful way from previous Bivens cases decided by the [Supreme] Court." Id. at 1857. Although Plaintiff's Eighth Amendment claim is similar to Carlson in that it also involves an Eighth Amendment claim for deliberate indifference, Plaintiff's claim does not involve medical care; it accordingly arises in a new context and necessitates consideration of whether there are "special factors" that would imply a new Bivens remedy in a new context.

**B.    Special Factors Counseling Against Extending Bivens**

Defendants argue that special factors counsel against extending Bivens because Plaintiff has alternate remedies and because Congress has not created such a cause of action. Alternate remedies include the Bureau of Prisons administrative grievance process, petition for writ of habeas corpus, and an action for declaratory and injunctive relief. Defendants also argue that

---

[3] Before Abassi, the Ninth Circuit had recognized a First Amendment retaliation claim under Bivens. See Gibson v. United States, 781 F.2d 1334, 1342 (9th Cir. 1986). The consensus of several district courts in the Ninth Circuit is that these pre-Abassi cases are no longer controlling. See, e.g., Lee v. Matevousian, No. 18-cv-0169-DAD-GSA-PC, 2018 WL 5603593, at *4 (E.D. Cal. Oct. 26, 2018). This court agrees.

7

there is strong evidence that it is inappropriate to create a private right of action for damages through judicial implication, because although Congress enacted the Prison Litigation Reform Act of 1995 and made comprehensive changes to the way prisoner abuse claims must be brought in federal court, see 42 U.S.C. § 1997e, it has not created a private right of action for damages. Defendants cite other cases decided in the Eastern District of California in support of their argument that special factors counsel against implying a Bivens remedy in a new context. See Boesch Decl., ECF No.42-2, Ex. A (Rodriguez v. United States, Case No. 1:19-cv-00001-SAB, Dkt.5, (E.D. Cal. Jan. 7, 2019)) at 3-7 (declining to imply an Eighth Amendment excessive force claim), Ex. B (Hunt v. Matevousian, Case. No. 1:16-cv-01560-LJO-BAM, Dkt. 29, (E.D. Cal. June 15, 2018)) at 4-11 (same); Williams v. Verna, No. 1:16-cv-00764-AWI-SAB, 2018 WL 5777365, at *6-*8 (E.D. Cal. Oct. 31, 2018) (declining to imply an Eighth Amendment conditions-of-confinement claim); Winstead v. Matevousian, No. 1:17-cv-00951-LJO-BAM, 2018 WL 2021040, at *3 (E.D. Cal. May 1, 2018) (declining to imply Eighth Amendment claims "arising out of an inmate assault, threats by officers, removal of mattress and deliberate indifference to those actions").

Plaintiff argues that the administrative remedy program is not available to him as an alternative to a Bivens claim, because it does not provide money damage awards like Bivens. Plaintiff asserts that he seeks monetary damages and does not seek to alter an entity's policy, nor a means for preventing an entity from acting unconstitutionally.

Defendants reply that an alternative remedy does not have to provide money damages and Plaintiff could have pursued claims for money damages under the Federal Tort Claims Act, another alternative remedy that weighs against implying a Bivens claim here.

**Discussion**

Defendants have shown that special factors exist, including alternative remedies, that counsel against implying a Bivens remedy in Plaintiff's case. "If there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new Bivens cause of action." Abassi, 137 S.Ct. at 1858. Courts have found that the BOP's administrative remedy process, a federal tort claims action, and the availability of injunctive

relief provide an adequate remedy.  See, e.g., Lee, 2018 WL 5603593 at *4; Winstead v. Matevousian, No. 17-0951, 2018 WL 2021040, at *3 (E.D. Cal. May 1, 2018).  Plaintiff implies that he seeks only monetary damages in this case and therefore is unable to use alternative remedies, but he also requests injunctive relief in the Complaint, including changes in BOP policies or procedures affecting Muslim inmates at all BOP facilities along with his own release from BOP custody.[4]  Therefore, alternative remedies besides a Bivens suit for damages are available to him.

The court is especially hesitant to recognize a Bivens remedy in the absence of binding authority extending the Eighth Amendment right to be protected from harm from other inmates.

### C. Separation of Powers

Defendants also argue that separation of powers counsels against federal judicial oversight of day-to-day prison management such as cellmate assignments, and Plaintiff's claims cannot justify usurping the executive branch's role in day-to-day prison management by implying a new Bivens remedy for Eighth Amendment claims concerning a minor inmate assault.

In opposition, Plaintiff asserts that his claims involve the failure of three defendants to protect him from assaults by other prisoners and do not extend the Bivens remedy to prison management issues such as the appropriate housing of two particular inmates  In addition, Plaintiff argues that his claims do not involve a minor assault, because he sustained a serious and painful injury to his face requiring medical attention and medication.

### Discussion

"The decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide."  See Abassi, 137 S.Ct. at 1858.  Having made such assessment, the court agrees with Plaintiff that extending Bivens claims to Plaintiff's circumstances, where three particular defendants failed to protect him from assault from another inmate, would not cause unwarranted judicial interference with prison administration.  However, other factors, discussed above, counsel hesitation in extending Bivens, and the court declines to do so.

---

[4] Plaintiff requests twenty-three types of injunctive relief in the Complaint.  (ECF No. 1 at 7-10.)

///

///

**V.    CONCLUSION AND RECOMMENDATIONS**

The court finds that Plaintiff seeks a Bivens remedy in a new context, and that special factors counsel hesitation in extending a Bivens remedy to this new context. Accordingly, Plaintiff fails to state a claim upon which relief may be granted under Bivens, and therefore Defendants' motion for judgment on the pleadings should be granted. Further leave to amend would be futile and is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The deficiencies in Plaintiff's claims are not subject to cure by amendment of the Complaint, and therefore, Plaintiff should not be granted leave to amend.

Therefore, based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings, filed on February 26, 2019, be GRANTED;
2. Plaintiff's case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under Bivens;
3. All pending motions be DENIED as moot; and
4. The Clerk be directed to enter judgment for Defendants and CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 5, 2019**                          **/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE