UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL THEOPHILUS GARRAWAY,<br><br>Plaintiff,<br><br>v.<br><br>JACQUILINE CUIFO, et al.,<br><br>Defendants. | No. 1:17-cv-00533-DAD-GSA (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Doc. Nos. 42, 84) |

Plaintiff Mitchell Garraway is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971), and the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 5, 2019, the assigned magistrate judge issued findings and recommendations, recommending that the motion for judgment on the pleadings brought by defendants Ciufo, Miller, and Zaragoza be granted. (Doc. Nos. 42, 84.) The findings and recommendation were served on both parties and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. On August 26, 2019, plaintiff filed objections to the findings and recommendations. (Doc. No. 88.)

/////

1

1  In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Local Rule 304, this
2  court has conducted a *de novo* review of this case. Having carefully reviewed the entire file,
3  including plaintiff's objections, the court respectfully declines to adopt the findings and
4  recommendations.

5  In his objections, plaintiff argues that his case "does not differ in a meaningful way from
6  *Farmer*, nor do [his] claims arise in a new [*Bivens*] context." (Doc. No. 88 at 6.) The
7  undersigned agrees. In the present case, plaintiff alleges that he was attacked by his cellmate
8  after prison officials left the two in the same cell despite his request to be moved, even though the
9  latter had already attacked plaintiff once and had a history of attacking other inmates. (*See* Doc.
10 No. 1.) In *Farmer*, the plaintiff, a transwoman, alleged in an Eighth Amendment *Bivens* action
11 that she was attacked and raped after being placed in the prison's general population even though
12 prison officials knew that she would be "particularly vulnerable to sexual attack[.]" *Farmer v.*
13 *Brennan*, 511 U.S. 825, 830–31 (1994). Without dissent, the Supreme Court addressed the case
14 on its merits, acknowledged the plaintiff's claim as cognizable, and remanded the matter to the
15 trial court for further proceedings. *Id*. at 847–851. The same theory underlies both *Farmer* and
16 the present case: prison officials demonstrating deliberate indifference to an inmate facing the
17 substantial risk of violent attack by other inmates.

18 It is true that the Supreme Court later wrote that "three cases—*Bivens*, *Davis*, and
19 *Carlson*—represent the only instances in which the Court has approved of an implied damages
20 remedy under the Constitution itself" and "urged caution before extending *Bivens* remedies into
21 any new context" because "expanding the *Bivens* remedy is now a 'disfavored' judicial activity."
22 *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1855, 1857 (2017) (citation omitted). But the
23 *Abbasi* majority made no mention of *Farmer*, "a [1994] *Bivens* case alleging that prison wardens
24 were deliberately indifferent to an inmate's safety," even though the Court had previously made
25 clear that "conditions-of-confinement claims and medical-care claims are subject to the same
26 substantive standard." *Abbasi*, 137 S. Ct. 1843, 1878 (4-2 decision) (Breyer, J., dissenting)
27 (2017) (citations omitted).
28 /////

2

As noted above, in *Farmer*, the Supreme Court specifically held—*in the context of a Bivens claim*—that a prison official could "be held liable under the Eighth Amendment for denying humane conditions of confinement," emphasizing that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833–34, 848. It would be incongruous to regard *Farmer* as a "new context" when the Supreme Court in that case recognized a *Bivens* claim under the Eighth Amendment for a failure to protect an inmate from violence by other prisoners.

Though the majority in *Abbasi* did not acknowledge that the Court had explicitly "approved of an implied damages remedy" in *Farmer*, neither did it reject that it had recognized the availability of a *Bivens* remedy in the context presented by *Farmer*. *See Abbasi*, 137 S. Ct. at 1857 (listing eight cases where it had "declined to create an implied damages remedy" but not including *Farmer*).[1] The Supreme Court has discouraged lower courts from renouncing its precedent on the belief that such cases were overruled by implication, instead directing the lower courts to "follow the case which directly controls," even if that precedent "appears to rest on reasons rejected in some other line of decisions." *Rodriguez de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989); *see also Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987) ("Repeals by implication are not favored[.]"); *Bosse v. Oklahoma*, __ U.S. __, 137 S. Ct. 1, 2 (2016) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing vitality.") (citation omitted). The Supreme Court's decision in *Farmer* is a cornerstone of Eighth Amendment jurisprudence and remains binding authority.

/////

/////

/////

---

[1] The possible ambiguity created by Supreme Court's decision in *Abbasi* has been the subject of criticism by legal commentators. *See, e.g.*, Case Comment, Ziglar v. Abbasi, 131 Harv. L. Rev. 313, 320 (2017) (noting that "*Abbasi* is the ninth successive decision, spanning thirty-four years, in which the Court has chosen to distinguish *Bivens*" even though "there is no common logical thread that links [*Bivens*, *Davis*, and *Carlson*] and also excludes the Court's nine decisions rejecting *Bivens* claims").

3

The undersigned concludes that in light of the decision in *Farmer*, plaintiff's complaint adequately alleges a cognizable Eighth Amendment claim against defendants for deliberate indifference to a substantial risk of harm to plaintiff.[2]

Accordingly:

1. The court respectfully declines to adopt the findings and recommendations (Doc. No. 84) issued on August 5, 2019;

2. Defendants' motion for judgment on the pleadings (Doc. No. 42) filed on February 26, 2019 is denied; and

3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **February 21, 2020**

                                              UNITED STATES DISTRICT JUDGE

---

[2] Following the Supreme Court's decision in *Abbasi,* district courts have recognized *Bivens* claims based on allegations that prison staff were deliberately indifferent to their duty to protect prisoners from attack by other inmates as cognizable. *See McDaniels v. United States*, No. 5:14-cv-02594-VBF-JDE, 2018 WL 7501292, at *4–5 (C.D. Cal. Dec. 28, 2018), *report and recommendation adopted*, No. 5:14-cv-02594-VBF-JDE, 2019 WL 1045132 (C.D. Cal. Mar. 5, 2019); *Marquez v. United States*, No. 3:18-cv-0434-CAB-NLS, 2018 WL 1942418, at *4 (S.D. Cal. Apr. 25, 2018); *Lee v. Matevousian*, No. 1:18-cv-00169-GSA-PC, 2018 WL 5603593, at *8 (E.D. Cal. Oct. 26, 2018); *see also Fleming v. Reed*, No. EDCV 16-0684-PSG (AGR), 2019 WL 4196322, at *3 (C.D. Cal. July 23, 2019), *report and recommendation adopted*, No. EDCV 16684-PSG (AGR), 2019 WL 4195890 (C.D. Cal. Sept. 3, 2019).