UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY, | 1:17-cv-00533-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, WITHOUT PREJUDICE (ECF No. 66.)** |
| vs. | |
| JACQUILINE CIUFO, et al., | |
| Defendants. | |

## I.  BACKGROUND

Plaintiff is a federal prisoner proceeding *pro se* in this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 1.)

On November 27, 2018, the court issued a discovery and scheduling order setting forth a discovery deadline of May 25, 2019, and a dispositive motions deadline of July 27, 2019.  (ECF No. 26.)  On February 26, 2019, Defendants filed a motion for judgment on the pleadings, concerning whether Plaintiff's Bivens claims were barred under Ziglar v. Abassi, 137 S.Ct. 1843 (2017).  (ECF No. 42.)  On April 1, 2019, the court issued an order staying discovery with the exception of discovery related to whether Plaintiff failed to state a claim under Abassi, pending

1

resolution of the motion for judgment on the pleadings. (ECF No. 65.) The parties were advised that if they had been served with discovery requests that did not relate to <u>Abassi</u> they should retain the discovery for later consideration after the stay had been lifted. (ECF No. 65 at 3:22-23.)

On April 1, 2019, Plaintiff filed a motion to compel. (ECF No. 66.) The motion to compel did not concern the <u>Abassi</u> issue, and Defendants have not yet filed a response to the motion.

On February 21, 2020, the court resolved Defendants' motion for judgment on the pleadings. (ECF No. 94.) Accordingly, on March 4, 2020, the court issued an order lifting the stay of discovery, setting a new discovery deadline of June 5, 2020, and setting a new dispositive motions deadline of August 5, 2020. (ECF No. 97.)

Plaintiff's motion to compel is now before the court.

## II.     MOTION TO COMPEL

### A.     Legal Standards

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. <u>Id.</u> (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. <u>Id.</u> (quotation marks omitted).

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery may seek an order compelling disclosure when an opposing party has failed to respond

or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack v. Virga, No.CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Id. However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, and Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

### B. Plaintiff's Motion

Plaintiff argues that Defendants have provided evasive responses to his Requests for Admissions and Interrogatories, which are attached as exhibits to the motion to compel. Plaintiff asserts that Defendants refuse to supply him with the names and current places of BOP employment for potential witnesses whose testimony Plaintiff believes is crucial to his case. Plaintiff claims that Defendants have denied him a reasonable opportunity to present evidence that he believes is pertinent to his case. Plaintiff requests a court order compelling Defendants to disclose all of the information Plaintiff requested in his Requests for Admissions and Interrogatories attached to his motion to compel as Exhibits E, F, G, and H.

### C. **Discussion**

Plaintiff requests the court to compel Defendants to provide responses to 25 Requests for Admissions, along with 25 Interrogatories attached to his motion to compel as Exhibits E, F, G, and H. (ECF No. 66 at 30-42.)[1] Also attached to the motion as Exhibits A, B, C, and D are Defendants' prior responses to the discovery requests. (ECF No. 66 at 5-29.)

Defendants object to every one of Plaintiff's Requests for Admissions, but they also admitted or denied each of the Requests. Defendants have only made objections to each of Plaintiff's Interrogatories and have not provided any responses to the Interrogatories.

Plaintiff failed to individually address the discovery responses at issue in his motion to compel. Thus, he has not put Defendants on notice as to the alleged deficiencies of each of their responses. Here, Plaintiff's vague assertions that Defendants have provided evasive responses, refused to supply him with the names and current places of employment for potential witnesses, and denied him a reasonable opportunity to present his evidence, are not sufficient to support the motion to compel. Plaintiff does not individually address any particular discovery request and does not demonstrate that any specific response thereto is deficient. Consequently, Plaintiff's motion to compel shall be denied, without prejudice to renewal of the motion within thirty days.

Plaintiff is advised that any future motion to compel must individually analyze each discovery request and response and set forth arguments to explain how Defendants' objections to each request are improper. Plaintiff's motion to compel must notify Defendants how each response is deficient. Specifically, the motion to compel must: 1) set forth each disputed request exactly as Plaintiff phrased it in his original request, 2) set forth Defendants' response exactly as Defendants phrased it in their original response, and 3) address each objection made by Defendants and explain how each objection is improper. Plaintiff may not raise his arguments for the first time in his reply brief, and may not simply file a motion to compel that identifies the discovery requests in dispute and then provide only vague and general conclusions regarding the inadequacy of Defendants' responses.

---

[1] All page numbers cited herein are those assigned by the court's CM/ECF system and are not based on the parties' pagination of their briefing materials.

As the moving party, Plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and, for *each* disputed response, why Defendants' objection is not justified. Plaintiff has not done so. Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied with Defendants' objections, and that he wants an order compelling responses. For these reasons, Plaintiff's motion to compel shall be denied as procedurally defective, without prejudice to renewal of the motion at a later stage of the proceedings.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to compel, filed on April 1, 2019, is DENIED as procedurally defective, without prejudice to renewal of the motion at a later stage of the proceedings.

IT IS SO ORDERED.

Dated: **March 9, 2020**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE