| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| MITCHELL THEOPHILUS GARRAWAY, <br><br> Plaintiff, <br><br> v. <br><br> JACQUILINE CUIFO, *et al.*, <br><br> Defendants. | No. 1:17-cv-00533-DAD-GSA (PC) <br><br> ORDER DENYING PLAINTIFF'S REQUEST FOR CLARIFICATION <br><br> (Doc. No. 95) |

Plaintiff Mitchell Garraway is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to *Bivens vs. Six Unknown Agents*, 403 U.S. 388 (1971), and the Eighth Amendment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 27, 2019, plaintiff filed a "Request for an Explanation of Recalled Magistrate Judge's Gary S. Austin's Strange Terms," in which he requests the district court to order the magistrate judge to explain several parts of the orders issued by the assigned magistrate judge on March 29, 2019 and February 18, 2020. (Doc. No. 95. at 2–3.) The relevant portions of the magistrate judge's orders stayed the proceedings "with the exception of discovery related to whether Plaintiff fails to state claim under *Abbasi*[.]" (Doc. Nos. 65, 93.) The court will construe plaintiff's filing as a request for clarification.

Although there is no specific Federal Rule of Civil Procedure governing "motions of clarification," "'[t]he general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend.'" *United States v. Philip Morris USA Inc.*, 793 F. Supp. 2d 164, 168 (D.D.C. 2011); *see also Bordallo v. Reyes*, 763 F.2d 1098, 1102 (9th Cir. 1985) (concluding that a request for clarification invites "interpretation, which trial courts are often asked to supply, for the guidance of the parties and is not a "request to alter or amend the judgment"); *Wahl v. Am. Sec. Ins. Co.*, No. C 08-0555 RS, 2010 WL 2867130, at *3 (N.D. Cal. July 20, 2010) (noting that a "court may clarify its order for any reason").

Here, the magistrate judge referenced in his orders the Supreme Court's decision in *Ziglar v. Abbasi*, wherein the Court "urged caution before extending *Bivens* remedies into any new context" because "expanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Ziglar v. Abbasi*, __ U.S. __, 137 S. Ct. 1843, 1855, 1857 (2017) (citation omitted). The magistrate judge's order thus stayed all discovery save for that relating to plaintiff's Eight Amendment claim that prison officials had demonstrated deliberate indifference by failing to protect him from the risk of violent attack by other inmates.

In any event, plaintiff's request for clarification has now been mooted by the magistrate judge's order issued on March 3, 2020, which lifted the stay of discovery in this case. (Doc. No. 97.) Plaintiff may now seek discovery pursuant to that order. (*Id.*)

Accordingly, plaintiff's request for clarification (Doc. No. 95) is denied as having been rendered moot.

IT IS SO ORDERED.

Dated: **March 9, 2020**

_____
UNITED STATES DISTRICT JUDGE