UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>   Plaintiff,<br><br> vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>   Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br>**(ECF No. 35.)**<br><br>**ORDER FOR DEFENDANTS TO PRODUCE DOCUMENTS WITHIN THIRTY DAYS AS INSTRUCTED BY THIS ORDER** |

## I. BACKGROUND

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to <u>Bivens vs. Six Unknown Agents</u>, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer (C/O)), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment.  (ECF No. 1.)  This case is now in the discovery phase.

On November 27, 2018, the court issued a discovery and scheduling order, setting a discovery deadline of May 27, 2019, and a dispositive motions deadline of July 27, 2019.  (ECF No. 26.)  On February 26, 2019, Defendants filed a motion for judgment on the pleadings concerning whether Plaintiff's <u>Bivens</u> claims were barred under <u>Ziglar v. Abassi</u>, 137 S.Ct. 1843

1

(2017). (ECF No. 42.) On April 1, 2019, the court issued an order staying discovery with the exception of discovery related to whether Plaintiff failed to state a claim under Abassi, pending resolution of the motion for judgment on the pleadings. (ECF No. 65.) The parties were advised that if they had been served with discovery requests that did not relate to Abassi they should retain the discovery for later consideration after the stay had been lifted. (ECF No. 65 at 3:22-23.)

On January 17, 2019, Plaintiff filed a motion to compel production of documents. (ECF No. 35.) On February 26, 2019, Defendants filed an opposition to the motion. (ECF No. 44.) On March 12, 2019, Plaintiff filed a reply to the opposition. (ECF No. 48.)

On February 21, 2020, the court resolved Defendants' motion for judgment on the pleadings. (ECF No. 94.) Accordingly, on March 4, 2020, the court issued an order lifting the stay of discovery setting forth a new discovery deadline of June 5, 2020, and a new dispositive motions deadline of August 5, 2020. (ECF No. 97.)

Plaintiff's motion to compel is now before the court. Local Rule 230(*l*).

## II.     PLAINTIFF'S ALLEGATIONS AND CLAIMS

### A.     <u>Allegations</u>

The events at issue in the Complaint allegedly occurred at the United States Penitentiary (USP)-Atwater in Atwater, California, when Plaintiff was incarcerated there in the custody of the Federal Bureau of Prisons (BOP). Plaintiff names as defendants Jacquiline Ciufo (Unit Manager), C/O K. Miller, and Lt. J. Zaragoza (collectively, "Defendants").

Plaintiff's allegations follow:

On March 20, 2016, Officer Ciprian [not a defendant], Officer Villegas [not a defendant], and Plaintiff all informed defendant Zaragoza that Plaintiff's cellmate had cut Plaintiff's nose with a razor. Defendant Zaragoza refused to take any action. Plaintiff asked defendant Zaragoza to move him to one of several empty cells in 5B Unit. Defendant Zaragoza, a supervising staff member, refused to instruct defendant Miller to move Plaintiff.

On March 20, 2016, Officer Ciprian [not a defendant] and Plaintiff informed defendant Miller about Plaintiff's cellmate cutting Plaintiff's nose. Plaintiff asked defendant Miller to move him to

one of the empty cells in 5B Unit, but defendant Miller refused. Officer Ciprian also asked defendant Miller to move Plaintiff to one of the empty cells in 5B Unit, but defendant Miller refused.

On March 21, 2016, Plaintiff informed defendant Ciufo about Plaintiff's cellmate cutting Plaintiff's nose and requested defendant Ciufo to move Plaintiff to one of the empty cells in 5B Unit. Defendant Ciufo refused.

On April 2, 2016, in 4A Unit, the same cellmate struck Plaintiff on the left side of his jaw. Defendant Ciufo placed Plaintiff's cellmate in the cell with Plaintiff without Plaintiff's consent. Plaintiff's cellmate had a long history of serious assaults in which his victims required hospitalization. For example, he beat an inmate about the head with padlocks tied inside a pillowcase (Lewisberg Penitentiary), and stabbed an inmate with a shank (Atwater Penitentiary). Defendants Ciufo, Miller, and Zaragoza were aware of these assaults. Plaintiff suffered swelling and pain on the left side of his jaw. He continues to suffer pain when chewing food.

Plaintiff requests monetary damages and injunctive relief.

**B.      Claims – Failure to Protect – Eighth Amendment**

On July 18, 2018, the court found that Plaintiff stated cognizable <u>Bivens</u> claims against defendants Ciufo, Miller, and Zaragoza for failure to protect Plaintiff under the Eighth Amendment. (ECF No. 12.)

The Eighth Amendment protects prisoners from inhumane methods of punishment and inhumane conditions of confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832-33 (1994) (internal citations and quotations omitted). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates may rise to the level of an Eighth Amendment violation where prison officials know of and disregard a substantial risk of serious harm to the plaintiff. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Hearns</u>, 413 F.3d at 1040.

///

To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmate's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently "substantial risk of serious harm" to his future health. Id. at 843 (citing Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

## III.   MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### A.   Federal Rules of Civil Procedure 26(b), 34, and 37(a)

Under Rule 26(b), "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

///

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "[a] party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody, or control: any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or any designated tangible things; or to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. 2010).

Under Rule 34(b), "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons . . . An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2). Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i).

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ.

P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S–10–2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. 2012); Ellis v. Cambra, No. 1:02–cv–05646–AWI–SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. 2008). This requires the moving party to inform the court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S–11–1030 MCE EFB P, 2011 WL 6703958, at *3 (E.D. Cal. 2011).

However, the court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

## B.     Plaintiff's Motion to Compel (ECF No. 35.)

Plaintiff provides evidence that he served Defendants with a motion for production of eleven documents, and that Defendants responded on December 28, 2018, with objections but did not produce any of the documents Plaintiff requested. (ECF No. 35 at 21-26.) Plaintiff asserts that after receiving Defendants' responses he wrote a letter to defense counsel dated January 1, 2019, attempting to encourage defense counsel to release documents, but Defendants refused. (ECF No. 35 at 27-28, Attachment C.)

Plaintiff seeks to compel Defendants to produce eleven documents. Plaintiff claims that the documents will be his strongest pieces of evidence against Defendants, and argues that Defendants have not made a good faith effort to supply information presently known to them. Plaintiff contends that the documents are either stored electronically by the BOP or maintained in paper, and Defendants have used unacceptable excuses not to produce documents such as, "Defendants have not fully completed their investigation." (ECF No. 35 at 3 ¶ 5.) Plaintiff

argues that pursuant to Rule 26(a)(1)(E) of the Federal Rules of Civil Procedure a party is not excused from making disclosures because it has not fully investigated the case, and DOJ counsel have the authority to release the documents requested by Plaintiff. Plaintiff provides the court with copies of some of the documents he requests, which he was able to obtain through the Freedom of Information Act, but they were heavily redacted before he received them. (ECF No. 35 at 9-20, Attachment A to motion to compel.) Plaintiff seeks unredacted copies.

### C. **Defendants' Opposition**

In opposition, Defendants argue that the motion to compel is premature because they filed a motion for judgment on the pleadings which may dispose of Plaintiff's claims and end the case. Defendants state that "[i]n the event the case continues, Federal Defendants intend to produce documents in accordance with the responses that they served," and "the Court could resolve [any] disputes, including by reviewing disputed documents in camera if necessary." (ECF No 44 at 2:3-6.)

## IV. DEFENDANTS' RESPONSES AT ISSUE

Following are Defendants' Responses to Plaintiff's Requests:

### I. **DEFENDANTS' PRELIMINARY STATEMENT**

Federal Defendants have not, at this time, fully completed their discovery and investigation in this action. All responses below are based solely upon the information and evidence presently available and known to Defendants upon information and belief at this time. Further discovery, investigation, research, and analysis may supply additional facts and meaning to currently known information. Defendants reserve the right to amend the responses below as additional facts are ascertained, legal research is completed, and analysis is undertaken. The responses below are made in a good faith effort to supply as much information as is presently known to Defendants.

### II. **RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

A copy of "Memorandum" Dated "April 2, 2016", and Labeled, "Subject: 4A Morning Watch Incident", "BOP FOIA 2016-04451 1 of 3," (see attached).

**RESPONSE TO REQUEST FOR PRODUCTION NO 1:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants will request a copy of the document with such information redacted from BOP.

**REQUEST FOR PRODUCTION NO. 2:**

A copy of "Memorandum" Dated "April 2, 2016" and Labeled "Subject: 4A Incident", "BOP FOIA 2016-04451 2 of 3," (see attached).

**RESPONSE TO REQUEST FOR PRODUCTION NO 2:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants will request a copy of the document with such information redacted from BOP.

**REQUEST FOR PRODUCTION NO. 3:**

A copy of "Memorandum" Dated "April 2, 2016", and Labeled "Subject: 4A cell 126 Duress Alarm", BOP FOIA 2016-04451 3 of 3," (see attached).

**RESPONSE TO REQUEST FOR PRODUCTION NO 3:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants will request a copy of the document with such information redacted from BOP.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of the BOP SIS Investigation Labeled, "Institution: Atwater USP, Case Number ATW-16-0161," Pages 1 of 5, 2 of 5, 3 of 5, 4 of 5, 5 of 5, 1 of 8, 2 of 8, 3 of 8, 4 of 8, 5 of 8, 6 of 8, 7 of 8, 8 of 8, (see attached).

**RESPONSE TO REQUEST FOR PRODUCTION NO 4:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege. Federal Defendants will request a copy of the document with such information redacted from BOP.

**REQUEST FOR PRODUCTION NO. 5:**

A copy of the BOP office of Internal Affairs Investigation related to BOP SIS investigation case number ATW-16-0161.

**RESPONSE TO REQUEST FOR PRODUCTION NO 5:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege. Federal Defendants will request a copy of the document with such information redacted from BOP.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the section of Defendant Ciufo's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

///

///

**RESPONSE TO REQUEST FOR PRODUCTION NO 6:**

Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege. Federal Defendants are not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of the section of Defendant K. Miller's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**RESPONSE TO REQUEST FOR PRODUCTION NO 7:**

Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege. Federal Defendants are not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 8:**

A copy of the section of Defendant J. Zarogoza's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**RESPONSE TO REQUEST FOR PRODUCTION NO 8:**

Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the

correctional facilities and information protected by the law enforcement privilege. Federal Defendants are not aware of any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of the section of Corrections Officer Ciprian's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**RESPONSE TO REQUEST FOR PRODUCTION NO 9:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of U.S.P. Atwater's inmate handbook which staff issue to new arrivals.

**RESPONSE TO REQUEST FOR PRODUCTION NO 10:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants will request a copy of this document from BOP.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of a blank, unsigned BOP "Appointment Affidavit – Oath of Office" form which all BOP staff must sign upon being employed by the BOP.

**RESPONSE TO REQUEST FOR PRODUCTION NO 11:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants will request a copy of this document from BOP.

**V.     DISCUSSION**

Plaintiff failed to individually address the discovery responses at issue in his motion to compel. Thus, he has not followed the proper procedure to place Defendants on notice as to the

alleged deficiencies of each of their responses. Plaintiff's vague assertions that Defendants have not made a good faith effort to supply information presently known to them and have used unacceptable excuses are not sufficient to support the motion to compel. Plaintiff does not individually address any particular discovery request and does not demonstrate that any specific response thereto is deficient. However, notwithstanding Plaintiff's failure to follow the proper procedures, he is entitled to leniency as a *pro se* litigator. Thus, the court shall address Defendants' responses to Plaintiff's discovery requests.

Following are each of the five responses that Defendants have made to one or more of Plaintiff's requests for production of documents: (1) The Request seeks documents not within their "custody or control;" (2) The Request seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties; (3) The Request seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege; (4) Federal Defendants will request a copy of the document with such information redacted from BOP; and (5) Federal Defendants are not aware of any documents responsive to this Request.

There appears to be no dispute that the documents sought by Plaintiff are relevant. Plaintiff claims that the documents will be his strongest pieces of evidence against Defendants, and Defendants have not argued or raised any objection based on irrelevance.

In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). also see Wayson v. Rundell, 2008 WL 819014 (D. Alaska 2008). Documents are within a party's "possession, custody or control" if the party has the legal right to obtain the documents on demand. U.S. v. International Union of Petroleum and Industrial Workers, AFL—CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 734 F.2d 650, 653 (11th Cir. 1984)). Here, Defendants have objected that that several of the documents requested by Plaintiff are "not within their custody or control." However, Defendants also state that they will request copies of

most of those same documents from the BOP.  If Defendants have the legal right to obtain the documents on demand from the BOP, then those documents are within Defendants' custody and control.  Therefore, this objection is not justified.

Defendants assert the Privacy Act in their refusal to produce documents.  The Privacy Act, 5 U.S.C. § 552a, states "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request, or with the prior consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b).  Thus, records that might otherwise be protected by the Act may still be discovered through litigation if ordered by a court.  Ayers v. Lee, No. 14-cv-542-BGS (NLS), 2017 WL 2472840, at *3 (S.D. Cal. 2017).  The test of discoverability in such a circumstance remains Rule 26's relevance standard.  Id.; see also Laxalt v. McClatchy, 809 F.2d 885, 889 (D.C. Cir. 1987) ("[A] party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP.").  Therefore, Defendants' vague objections under the Privacy Act are not justified.

Defendants also object that some of the documents requested by Plaintiff contain information that would violate the privacy rights of third parties.  General concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests.  The scope of discovery in federal court is very broad.  Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1).  While the rules do permit parties to be excused from certain discovery on the basis of "annoyance, embarrassment, oppression, or undue burden or expense," there is no generic "privacy" objection.  Fed. R. Civ. P. 26(c).  Therefore, Defendants' objections based on privacy rights of third parties are not justified.

Defendants also object that some of Plaintiff's requests seek sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and

information protected by the law enforcement privilege. "Federal common law recognizes a qualified privilege for official information. Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery." Rodriguez Bernal v. Beard, No. 2:16-CV-2511 AC P, 2019 WL 6877863, at *4 (E.D. Cal. Dec. 17, 2019) (quoting Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1990) (citations omitted)). "The balancing approach of the Ninth Circuit is mirrored in this and other courts' previous determinations that a balancing test is appropriate when the disclosure of law enforcement files in a civil action is at issue." Id. (quoting Doubleday v. Ruh, 149 F.R.D. 601, 609 (E.D. Cal. 1993)). Documents that are a part of the personnel records of officers defending civil rights actions, while containing sensitive information, are within the scope of discovery. Id. (citing Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995) (citing Hampton v. City of San Diego, 147 F.R.D. 227, 229 (S.D. Cal. 1993)). A party claiming that information is privileged must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). In addition to a privilege log, a party seeking to invoke the official information privilege and prevent disclosure must submit an affidavit from an official of the agency in control of the materials sought addressing the following concerns:

> "(1) an affirmation that the agency generated or collected the material in issue and has maintained its confidentiality; (2) a statement that the official has personally reviewed the material in question; (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer; (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, and (5) a projection of how much harm would be done to the threatened interests if disclosure were made."

Id. at 5 (citing Soto, 162 F.R.D. at 613 (quoting Kelly v. City of San Jose, 114 F.R.D. 653, 670

(N.D. Cal. 1987)). Defendants have not complied with their obligation to prepare a proper privilege log to assert their claims of privilege, nor have they provided the necessary accompanying affidavit. This general invocation of the privilege, without meeting any of the requirements for its application, is insufficient. Therefore, the court finds that Defendants' objection that disclosure of the documents requested by Plaintiff are barred by the federal qualified privilege of official information is not justified.

As for the Inmate Handbook requested by Plaintiff in request #8, Plaintiff has already been provided a copy. Defendants served a copy of the Handbook on Plaintiff when they served their motion for summary judgment on February 26, 2019. (ECF No. 44-4 at 20-129, Exh. 4 to Decl. of Jennifer Vickers.) Therefore, Defendants shall not be required to respond to Plaintiff's Request #8.

In response to Plaintiff's requests #6, #7, and #8, Defendants state that "Federal Defendants are not aware of any documents responsive to this request." (ECF No. 35 at 8, 24-25.) Defendants' statement that they are "not aware" of any documents suggests that Defendants have not conducted a reasonable inquiry into the factual basis of their responses to Plaintiff's requests and have not produced to Plaintiff all documents in their "possession, custody or control." The court will require Defendants to conduct a "reasonable inquiry" and make a supplemental production of documents to Plaintiff. "[A] reasonable inquiry into the factual basis of [a party's] discovery responses . . . require[s], at a minimum, a reasonable procedure to account for the collection and subsequent production of the information to [the opposing party]." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 189–90 (C.D. Cal. 2006) (quoting National Ass'n of Radiation Survivors, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987). Defendants have a duty to undertake a diligent search and reasonable inquiry in order to adequately respond to requests for production. See Garcia v. Bana, No. C 11-02047 LB, 2012 WL 2119157, at *10 (N.D. Cal. June 9, 2012) (finding discovery responses insufficient where responding party that stated it had no documents in its possession, custody or control, failed to also state that a diligent search and reasonable inquiry had been made in an effort to locate the documents requested). Further, to assure that Defendants actually make a "reasonable inquiry," the court will order them to provide

Plaintiff with declarations or affidavits detailing the nature of their "reasonable inquiry" to locate responsive documents, and such declarations must address the inquiry they made on a request-by-request basis. To the extent Plaintiff does not have any additional responsive documents in his possession, custody, or control, he must state that he has conducted a diligent search and reasonable inquiry, including the steps undertaken in such search.

## VI.    CONCLUSION AND ORDER

Based on the foregoing, Defendants are required to produce the following unredacted documents in response to Plaintiff's requests.

**REQUEST FOR PRODUCTION NO. 1:**

A copy of "Memorandum" Dated "April 2, 2016", and Labeled, "Subject: 4A Morning Watch Incident", "BOP FOIA 2016-04451 1 of 3,".

**REQUEST FOR PRODUCTION NO. 2:**

A copy of "Memorandum" Dated "April 2, 2016" and Labeled "Subject: 4A Incident", "BOP FOIA 2016-04451 2 of 3,".

**REQUEST FOR PRODUCTION NO. 3:**

A copy of "Memorandum" Dated "April 2, 2016", and Labeled "Subject: 4A cell 126 Duress Alarm", BOP FOIA 2016-04451 3 of 3,".

**REQUEST FOR PRODUCTION NO. 4:**

A copy of the BOP SIS Investigation Labeled, "Institution: Atwater USP, Case Number ATW-16-0161," Pages 1 of 5, 2 of 5, 3 of 5, 4 of 5, 5 of 5, 1 of 8, 2 of 8, 3 of 8, 4 of 8, 5 of 8, 6 of 8, 7 of 8, 8 of 8".

**REQUEST FOR PRODUCTION NO. 5:**

A copy of the BOP office of Internal Affairs Investigation related to BOP SIS investigation case number ATW-16-0161.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of the section of Defendant Ciufo's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of the section of Defendant K. Miller's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**REQUEST FOR PRODUCTION NO. 8:**

A copy of the section of Defendant J. Zarogoza's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of the section of Corrections Officer Ciprian's Personnel File related to me and BOP SIS Investigation Case Number ATW-16-0161.

**REQUEST FOR PRODUCTION NO. 10:**

Defendants are not required to produce U.S.P. Atwater's inmate handbook which staff issue to new arrivals. Plaintiff has already been provided with a copy of the handbook.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of a blank, unsigned BOP "Appointment Affidavit – Oath of Office" form which all BOP staff must sign upon being employed by the BOP.

Defendants shall provide Plaintiff with unredacted copies. However, if Defendants determine that any of the documents should be withheld or redacted pursuant to the official information privilege, they may invoke the privilege by complying with the requirements discussed above, submitting a privilege log and an affidavit from an official of the agency in control of the materials sought. Defendants shall provide unredacted copies of the privileged documents to the court for *in camera* review. In that instance, Defendants shall submit the privileged documents to the Clerk's Office in a sealed manila envelope boldly marked "Confidential documents for *in camera* review by Magistrate Judge Gary S. Austin." The envelope must also be clearly marked with the case number and title of this action: 1:17-cv-5333-DAD-GSA-PC; Galloway v. Ciufo. Defendants shall not file the envelope of documents with the court. However, Defendants shall file a separate brief arguing why any of the documents were not found after a diligent search, or should be withheld or redacted, notifying the court which documents were served on Plaintiff in unredacted form and which documents were

///

submitted to the court for *in camera review*. The court shall review Defendants' briefing and the documents submitted for *in camera* review and issue a responsive order in due course.

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on January 17, 2019, is GRANTED; and

2. Within thirty (30) days of the date of service of this order, Defendants shall provide the documents requested in Plaintiff's Requests for Production Nos. 1-9 and 11, as directed by this order.

IT IS SO ORDERED.

Dated:   **March 14, 2020**                        **/s/ Gary S. Austin**
                                UNITED STATES MAGISTRATE JUDGE