UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JACQUILINE CIUFO, et al.,<br><br>　　　　Defendants. | 1:17-cv-00533-DAD-GSA (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR COURT ORDER**<br><br>**(ECF No. 101.)** |

**I.　BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On March 16, 2020, Plaintiff filed a motion seeking the appointment of counsel. (ECF No. 101.) In addition, Plaintiff requested a court order requiring Defendants to respond to the discovery he requested in his motions to compel filed on January 17, 2019 and April 1, 2019. (Id.)

1

## II. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel to assist him with the litigation of this case, to receive sensitive unredacted discovery material, and to obtain discovery responses from Defendants.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff argues that he need assistance with discovery. This does not make Plaintiff's case exceptional. At this stage of the proceedings, the court cannot find that Plaintiff is necessarily likely to succeed on the merits. While the court has found that "based on its screening of Plaintiff's Complaint and applying the liberal standards of construction required in *pro se* cases, see Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (noting court's "obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt"), that Plaintiff . . . states a cognizable claim under the Eighth Amendment against defendants Ciufo, Miller, and Zaragoza for failing to protect him," these findings are not a final determination that Plaintiff is likely to succeed on the merits. (Findings and Recommendations, ECF No. 11 at 5:11-17, adopted in full by district judge July 18, 2018, ECF No. 12.) The legal issue in this case -- whether Defendants failed to protect him from assault – is not complex. Moreover, based on a review of the record in this case, the court finds that Plaintiff can adequately articulate his claim.

Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

**III.  MOTION FOR COURT ORDER**

Plaintiff also requests a court order requiring Defendants to respond to the discovery he requested in his motions to compel filed on January 17, 2019 (ECF No. 35) and April 1, 2019 (ECF No. 66). This request is moot because both of Plaintiff's motions to compel were recently resolved by the court. On March 9, 2020, the court issued an order denying Plaintiff's first motion to compel, without prejudice to renewal of the motion, (ECF No. 98), and on March 16, 2020, the court issued an order granting Plaintiff's second motion to compel and ordering Defendants to respond to Plaintiff's motion for production of documents, (ECF No. 100). Thus, the motions to compel are resolved and Plaintiff's request for a court order shall be denied as moot.

**IV.  CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed on March 16, 2020, is DENIED, without prejudice; and
2. Plaintiff's request for a court order requiring Defendants to respond to Plaintiff's discovery is DENIED as moot.

IT IS SO ORDERED.

Dated:  **March 23, 2020**             /s/ Gary S. Austin
                                       UNITED STATES MAGISTRATE JUDGE

3