UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>v.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | 1:17-cv-00533-DAD-GSA (PC)<br><br>**ORDER DENYING MOTION FOR COURT ORDER**<br><br>**(ECF No. 112.)** |

    Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

    On August 10, 2020, Plaintiff filed a motion for a court order directing Warden Cheatham: (1) to allow Plaintiff's court-appointed counsel to enter the United States Penitentiary in Coleman, Florida, where Plaintiff is incarcerated; (2) to allow "a U.S. Marshall computer specialist, or other such non-Bureau of Prisons computer specialist, [be allowed] to enter [the Penitentiary] for the purpose of accessing the Federal Bureau of Prisons 'Sentry' computer systems and its G-drive to locate, inspect, and copy all Federal Bureau of Prisons Office of Internal Affairs, and other documents, related to 'Inmate Investigative Report, ATW-16-0161' which were entered into that

1

system's G-drive from April 2016 to December 2016"; (3) to allow Plaintiff to be present; (4) to allow Plaintiff to confer with the court-appointed attorney for one hour afterward; and (5) to provide full hazmat suits, latex gloves, and face masks for safety.  (ECF No. 112.)

The court shall not issue the orders sought by Plaintiff.  First, Plaintiff has not been appointed counsel by the court and therefore the court cannot direct the Warden to permit Plaintiff's appointed counsel to enter the penitentiary.  Second, to the extent that Plaintiff seeks an order compelling the Warden to enable him to obtain discovery documents, Plaintiff must first request the discovery documents from the Defendants.[1]  Accordingly, Plaintiff's motion shall be denied.

Therefore, based on the foregoing, Plaintiff's motion, filed on August 10, 2020, is DENIED.

IT IS SO ORDERED.

    Dated:  **August 12, 2020**                         /s/ Gary S. Austin
                                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Subject to certain requirement, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents from a non-party, and to service of the subpoena by the United States Marshal. Fed. R. Civ. P. 45; 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for production of documents. Fed. R. Civ. P. 34. Plaintiff has not demonstrated that he made a request to Defendants for production of these documents, nor has Plaintiff filed a motion to compel Defendants to produce the requested documents.