UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>              Plaintiff,<br><br>    v.<br><br>JACQUILINE CIUFO, et al.,<br><br>              Defendants. | 1:17-cv-00533-DAD-GSA (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AS MOOT**<br>**(ECF No. 108.)** |

**I.  BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On April 9, 2020, the court granted Defendants' ex parte application for extension of time to comply with the court's order granting Plaintiff's motion to compel. (ECF No. 107.) Defendants were granted an extension of time until June 1, 2020, to serve additional responses to Plaintiff's Request for Production of Documents numbers 1-7 & 9-11. (Id; ECF No. 100.)

On April 27, 2020, Plaintiff filed an opposition to the court's April 9, 2020 order, which the court construes as a motion for reconsideration of the order. (ECF No. 108.) Defendants have not filed an opposition.

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff opposes the extension of time granted to Defendants, specifically as to Request for Production of Documents number 4, which requests a copy of the "inmate investigative report, Atwater, USP, case number ATW-16-161" ("Report"). (ECF No. 108 at 1:23-27.) Plaintiff contends that Defendants have access to the Report now and he should not have to wait until June 1, 2020 to be provided a copy. Plaintiff asserts that Mrs. Miller, the case manager at the United States Penitentiary (USP) in Coleman, Florida, where Plaintiff is presently incarcerated, can pull

2

up and download the 13-page Report from the computer immediately. (Id. at 2:1-19.) Plaintiff argues that COVID-19 is not an excuse to delay providing the Report because despite COVID-19 inmates at USP-Coleman are allowed out of their cells on certain days of the week and continue to interact with staff there. Plaintiff requests the court to schedule a conference call with Mrs. Miller and Plaintiff in order to verify Mrs. Miller's easy access to the 13-page Report.

IV.   **DISCUSSION AND CONCLUSION**

Plaintiff's motion for reconsideration of the court's April 9, 2020 order is moot because the June 1, 2020 deadline granted to Defendants in the order has expired. Therefore, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on April 27, 2020, is DENIED as moot.

IT IS SO ORDERED.

Dated:   **November 11, 2020**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE