UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>        Plaintiff,<br><br>    vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>        Defendants. | 1:17-cv-00533-DAD-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br>**(ECF No. 110.)**<br><br>**ORDER FOR DEFENDANTS TO CONDUCT ANOTHER DOCUMENT SEARCH AND FILE NOTICE OF COMPLIANCE WITHIN 30 DAYS** |

**I.   BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On November 27, 2018, the court issued a discovery and scheduling order, setting out deadlines for the parties including a discovery deadline of May 25, 2019, and a dispositive motions deadline of July 27, 2019. (ECF No. 26.) On March 4, 2020, the court extended the discovery deadline to June 5, 2020 and the dispositive motions deadline to August 5, 2020. (ECF No. 97.) The deadlines are now expired.

On January 17, 2019, Plaintiff filed a motion to compel production of documents. (ECF No. 35.) On March 16, 2020, the court granted Plaintiff's motion to compel requiring Defendants to provide supplemental responses to Plaintiff's request for production, set one, #1-9 and #11. (ECF No. 100.) On June 1, 2020, Defendants filed a response to the court's order documenting the supplemental responses provided to Plaintiff. (ECF No. 109.)

On June 29, 2020, Plaintiff filed a motion for the imposition of sanctions against Defendants for failing to comply with the court's March 16, 2020 discovery order. (ECF No. 110.) On July 21, 2020, Defendants filed an opposition to the motion. (ECF No. 111.) On August 10, 2020, Plaintiff filed a response to the opposition. (ECF No. 113.)

Plaintiff's motion for sanctions is now before the court. Local Rule 230(*l*).

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in the Complaint that on March 20, 2016, Officer Ciprian [not a defendant] and Plaintiff informed defendants Miller and Zaragoza that Plaintiff's cellmate had cut Plaintiff's nose, and on March 21, 2016, Plaintiff informed defendant Ciufo that the cellmate had cut Plaintiff's nose. Plaintiff requested to be moved to another cell, but each of the three Defendants denied his request. On April 2, 2016, the same cellmate struck Plaintiff on the left side of his jaw. Plaintiff alleges that all of the Defendants were aware of the cellmate's long history of serious assaults on other inmates for which the cellmate's victims required hospitalization. Plaintiff claims that the Defendants failed to protect him from harm in violation of the Eighth Amendment.

## III.   MOTION FOR SANCTIONS

### A.    Legal Standards

The Federal Rules of Civil Procedure govern discovery in this civil action. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other

tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Id. (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Pursuant to Rule 37(b) of the Federal Rules of Civil Procedure, "[i]f a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders," which may include the following:

- **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- **(iii)** striking pleadings in whole or in part;
- **(iv)** staying further proceedings until the order is obeyed;
- **(v)** dismissing the action or proceeding in whole or in part;
- **(vi)** rendering a default judgment against the disobedient party; or
- **(vii)** treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

A court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993). "The contempt 'need not be willful,' and there is no good faith

exception to the requirement of obedience to a court order." Id. (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by 'clear and convincing evidence,' not merely a preponderance of the evidence." Id. (quoting Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982)).

The Ninth Circuit explained, "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." Wyle v. R. J. Reynolds Indus., Inc., 709 F.2d 857, 589 (9th Cir. 1983) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)). The Ninth Circuit has counseled that if lesser sanctions have the potential to remedy any abuse, this is preferable to dispositive sanctions. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1022 (9th Cir. 2002) (the "availability of less drastic sanctions" is often determinative of whether dispositive sanctions should lie).

The court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a *pro se* litigator; therefore, to the extent possible, the court endeavors to resolve his motion on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett, 296 F.3d at 751.

### B. Plaintiff's Motion for Sanctions

Plaintiff argues that Defendants failed to comply with the court's discovery order because they failed to provide him the following:

1. Unredacted copies to Plaintiff of pages 1-8 of the "inmate investigative report, case number ATW-16-0161," pursuant to Plaintiff's Request for Production, Set One, No. 4;
2. Unredacted copies of privileged documents to the court for *in camera* review; and
3. The "Standard Form 50 Notification of Personnel Action" for Officer Ciprian to Plaintiff, pursuant to Plaintiff's Request for Production, Set. 2, No. 3.

///

As relief, Plaintiff requests a court order:

1. That all asserted claims outlined in his prisoner Complaint (filed April 7, 2017) be taken as established;

2. That the Defendants be prohibited from (i) supporting or opposing claims or defenses he designates, and (ii) introducing as evidence matters Plaintiff designates;

3. That a default judgment be rendered against the Defendants;

4. That counsel for the Defendants (viz., McGregor W. Scott, Victoria Boesch, Annette M. Lopez) and all other case participants be declared in contempt of court for their failure to obey this court's March 14, 2020 order; and

5. That the Defendants not be allowed to use any part of BOP "inmate investigative report, case number ATW-16-161" or potential witnesses named therein, to supply evidence on a motion, at a hearing, or at trial.

## IV. ANALYSIS

The court shall address each of Plaintiff's arguments in turn.

### A. Failure to Provide 8-Page Inmate Investigative Report ATW-16-0161

Plaintiff argues that Defendants refused to provide him with unredacted copies of pages 1-8 of the "inmate investigative report, case number ATW-16-0161," pursuant to his Request for Production, Set One, No. 4 and the court's discovery order.

**PLAINTIFF'S REQUEST FOR PRODUCTION (RFP), SET ONE, NO. 4:**

A copy of the BOP SIS Investigation Labeled, "Institution: Atwater USP, Case Number ATW-16-0161," Pages 1 of 5, 2 of 5, 3 of 5, 4 of 5, 5 of 5, 1 of 8, 2 of 8, 3 of 8, 4 of 8, 5 of 8, 6 of 8, 7 of 8, 8 of 8.

**DEFENDANTS' INITIAL RESPONSE TO RFP, SET ONE, NO. 4:**

Federal Defendants object to this request because it seeks documents not within their custody or control. Federal Defendants object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants further object to this request on the grounds that it

seeks sensitive information about the security, operation, and management of USP Atwater and BOP and should not be produced to Plaintiff because doing so poses a risk to the secure operations of the correctional facilities and information protected by the law enforcement privilege. Federal Defendants will request a copy of the document with such information redacted from BOP.

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO RFP, SET ONE, NO 4:**

**In accordance with the Court's order on Plaintiff's Motion to Compel Documents sought by Plaintiff's First Set of Document Requests (Dkt. 100), Federal Defendants produce un-redacted copies of the identified documents from a prior FOIA[1] production by BOP[2] (see Dkt. 35 at 12-20). This includes an un-redacted copy of a five-page report previously partially redacted (see Dkt. 35 at 12-16) and four un-redacted copies of a one-page affidavit from another prisoner dated April 15, 2016, that had been previously produced as four fully redacted pages in that prior FOIA production (see Dkt. 35 at 17-20).**

**Discussion**

Plaintiff argues that the 9 pages produced by Defendants do not include any of the 8-page "inmate investigative report, ATW-16-161" he requested, and he asserts that counsel for Defendants seek to deceive the court into believing that the four affidavits they produced are part of the investigative report, whereas this is not the case. Plaintiff alleges that the 5-page report provided by Defendants and the 8-page report requested by Plaintiff are part of the same 13-page document, and he questions why Defendants did not provide the 8-page report if they were able to download the 5-page report in unredacted form. Plaintiff states that he was already provided the four affidavits and a completely-redacted copy of the 8-page report in response to a Freedom of Information Act request. He chides Defendants for failing to conduct a search of Plaintiff's computerized central file maintained at USP-Coleman, where Plaintiff has verified that the 8-page report is kept, arguing that Defendants violated Fed. R. Civ. P. 26(a)(1)(E), which requires a party to "make its initial disclosures based on the information then reasonably available to it."

---

[1] Freedom of Information Act.

[2] Federal Bureau of Prisons.

None of Defendants' declarations state that they conducted searches of the Federal Bureau of Prisons Sentry Computer System.

Defendants deny that they refused to disclose 8 pages of an investigative report. They argue that they produced un-redacted documents, including the investigative report sought by Garraway. Defendants assert that Plaintiff provided the 5-page redacted "Inmate Investigative Report, Case Number ATW-16-0161" and 4 redacted pages of affidavits pursuant to his original document request, and Defendants then provided him with <u>unredacted</u> versions of those same documents. To provide clarity to the court, Defendants show that they provided these <u>unredacted</u> versions to Plaintiff. (ECF No. 111 at 2:11-14 ("*Compare* Exh. A at 4-8 and Dkt. 35 at 12-16 (redacted five-page report) *with* Exh. B at 4-7 and Dkt. 35 at 17-20 (four fully redacted pages from elsewhere in the FOIA production")). In addition, Defendants have submitted the declaration of Jendrick Gilyard, BOP employee at USP-Coleman, who states that an additional search of Plaintiff's central file confirmed that the only report found in the central file concerns an April 2, 2016 incident involving Plaintiff, which is the 5-page report already produced to Plaintiff in unredacted form. (Gilyard Declaration, ECF No. 111, Exh. C.)

A responding party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the "party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." Fed. R. Civ. P. 26(g)(1).

It appears that a misunderstanding arose between the parties because there is more than one report titled "inmate investigative report, ATW-16-161." Plaintiff requested an unredacted 8-page report and Defendants provided Plaintiff with an unredacted 5-page report bearing the same title. According to Plaintiff, the 5-page report and 8-page report are part of the same larger 13-page report and can be found together by conducting a search on the Sentry computer system at USP-Coleman.

Defendants assert that they recently made an additional search of Plaintiff's central file at USP-Coleman and only found the 5-page report already provided to Plaintiff in unredacted form. They submitted a one-page declaration by Jendrick Gilyard, BOP case manager at USP-

Coleman, stating that he "reviewed Garraway's central file for reports concerning an April 2, 2016 incident involving Garraway[, and] Garraway's central file contains only one 5-page report about an April 2, 2016 incident, entitled "Inmate Investigative Report" and bearing case number "ATW-16-0161." (Gilyard Decl., ECF No. 111 at page 23 ¶ 3 (Exh. C)).

It is not clear from Gilyard's declaration whether he reviewed Plaintiff's paper central file, Plaintiff's computer central file, or both, but in this instance a reasonable inquiry would include a search of the Sentry computer system at USP-Coleman where Plaintiff adamantly insists that both the 5-page and 8-page reports can be found together in his computerized C file. As Gilyard's declaration does not state that he conducted a search of computer files including Plaintiff's computerized C-file, the court shall require Defendants to conduct such a search and report back to the court within 30 days.

In light of the possible misunderstanding between the parties, the court finds it unjust to impose sanctions on Defendants for their failure to provide the 8-page (if it exists) report sought by Plaintiff. However, Defendants shall be required to conduct a computer search as discussed above. If Defendants do not find the 8-page report in Plaintiff's computer C-file, Defendants shall file a Notice of Compliance informing the court of their reasonable efforts to locate the requested report. In the event that Defendants find the report, they are required to file a Notice of Compliance informing the court that they provided Plaintiff with an unredacted copy of the report, or, if they determine that the report should be withheld or redacted pursuant to the official information privilege, provide unredacted copies of the report to the court for *in camera* review, submitting a privilege log and an affidavit from an official of the agency in control of the materials sought.

### B.     Failure to Send Documents to the Court for *In Camera* Review

Plaintiff argues that Defendants' counsel have refused to provide unredacted copies of documents in defiance of the court's order, which states that "Defendants shall provide unredacted copies of the privileged documents to the court for *in camera* review." (ECF No. 110 at 2:7-8.) Instead, according to Plaintiff, counsel for Defendants have chosen to feign ignorance

with regard to the court's order, and erroneously claim that they do not understand the court's order as instructing them to file such documents with the court, and so they have not done so.

Defendants respond that Plaintiff's claim is erroneous because the court's order indicated that *in camera* review <u>could</u> be done to resolve a <u>privilege</u> objection to producing unredacted documents, and because Defendants produced unredacted documents no such review by the court was necessary.

### **Discussion**

The court's March 16, 2020 discovery order states as follows:

> "Defendants shall provide Plaintiff with unredacted copies. However, if Defendants determine that any of the documents should be withheld or redacted pursuant to the official information privilege, they may invoke the privilege by complying with the requirements discussed above, submitting a privilege log and an affidavit from an official of the agency in control of the materials sought. Defendants shall provide unredacted copies of the privileged documents to the court for *in camera* review. In that instance, Defendants shall submit the privileged documents to the Clerk's Office in a sealed manila envelope boldly marked 'Confidential documents for *in camera* review by Magistrate Judge Gary S. Austin.'"

(ECF No. 100 at 15-22.)

The court now clarifies that pursuant to the March 16, 2020 order, Defendants were only required to provide unredacted copies of *privileged* documents to the court for *in camera* review *if* they determined that any documents should be withheld or redacted pursuant to the official information privilege. In this instance, Defendants did *not* identify any of the documents as *privileged*. Therefore, contrary to Plaintiff's understanding, Defendants were not required to submit any documents to the court for *in camera* review, and Defendants did not defy the court's order by failing to submit documents for *in camera* review.

Thus, Plaintiff's argument that Defendants defied the court's order by failing to submit documents to the court for *in camera* review fails.

///

///

C. **Failure to Provide Plaintiff with Form 50 Notification of Personnel Action for Officer Ciprian**

Plaintiff argues that Defendants disobeyed the court's March 16, 2020 discovery order when they refused to provide him with a copy of the Standard Form 50 Notification of Personnel Action concerning Officer Ciprian pursuant to Plaintiff's his Request for Production, Set Two, No. 3.

**PLAINTIFF'S REQUEST FOR PRODUCTION (RFP), SET TWO, NO. 3:**

All portions of the Federal Bureau of Prisons personnel files for Corrections Officer Ciprian which are related to his transfer from Custody Department to Food Service Department at United States Penitentiary – Atwater.

**DEFENDANTS' INITIAL RESPONSE TO RFP, SET TWO, NO. 3:**

Federal Defendants object to this request as seeking information irrelevant to the subject matter of this litigation. Federal Defendants further object to this request because it seeks information protected against disclosure by the Privacy Act and information that would violate the privacy rights of third parties. Federal Defendants requested that the Bureau of Prisons conduct a reasonable search for the described documents. Federal Defendants understand that BOP has not yet been able to conduct this search because of staffing difficulties associated with the current pandemic. Federal Defendants will supplement their response to reflect the results of BOP's search on or before June 1, 2020. See Dkt. 107 (granting Defendants until June 1, 2020, to comply with the order at Dkt. 100).

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO RFP, SET TWO, NO 3:**

**Though this set of document requests (Plaintiff's Second Set of Document Requests) was not the subject of the Court's prior order, following the guidance in the Court's order on Plaintiff's Motion to Compel Documents sought by Plaintiff's First Set of Document Requests (Dkt. 100), Federal Defendants asked BOP to conduct a search of Ciprian's personnel file for documents related to his transfer from the Custody Department to the**

**Food Service Department at United States Penitentiary-Atwater. The only such document located is a Standard Form 50 "Notification of Personnel Action" with an effective date of June 26, 2016, reflecting that Ciprian changed positions from a Corrections Officer to a Food Services worker.** *See* **Declaration from Federal Bureau of Prisons USP Atwater Human Resource Specialist Sherry Franco. Federal Defendants object to producing this document because Ciprian's job transfer is not relevant to any issue in this case and so this document memorializing that transfer is not relevant. In addition, producing the document would violate the Privacy Act, and it would violate Ciprian's privacy rights because it contains sensitive personal information about him (including his date of birth, social security number, and salary). Federal Defendants note that Ciprian is not a defendant in this case.**

### Discussion

Plaintiff asserts that Defendants refused to provide him with "Standard Form 50 'Notification of Personnel Action,'" which details Officer Ciprian's job transfer from USP-Atwater's Custody Department to Food Service Department. Plaintiff argues that the Form 50 document is relevant to his claims in this action because it may provide the name of the agent (a potential witness for Plaintiff) from the BOP Office of Internal Affairs who interviewed Officer Ciprian and recommended Ciprian's transfer from the Custody Department to the Food Service Department. Plaintiff contends that the document may provide the reason for the transfer showing that the reason was to protect Officer Ciprian from retaliation by defendant Zaragoza because Ciprian implicated Zaragoza in failing to protect Plaintiff from the April 2, 2016 assault by inmate Shelton. Plaintiff also argues that he is entitled to the Form 50 detailing Officer Ciprian's transfer, pursuant to BOP Program Statements (i) 1351.05, 9(a); <u>Release of Information</u> and (ii) 3000.05, §294.1, 9, <u>Human Resources Management Manual</u>.

Defendants object to producing the Form 50 document requested by Plaintiff which reflects that non-party Officer Ciprian changed positions from a Corrections Officer to a Food Services worker in June 2016. Plaintiff requested the document in set two of his Requests for Production of Documents Plaintiff's Set Two of his Document Requests. Set Two was served

by Plaintiff shortly after the court issued its March 14, 2020 order and therefore Defendants are not required by the order to respond to Plaintiff's second set of Document Requests. Nonetheless, Defendants object to producing this document because Officer Ciprian's job transfer is not relevant to any issue in this case, and production of this document would violate the Privacy Act and violate Ciprian's privacy rights because it contains sensitive personal information about him (including his date of birth, social security number, and salary).

Here, Plaintiff cannot argue that Defendants failed to comply with the court's discovery order in refusing to provide Form 50 because the court's discovery order does not address Plaintiff's request for production of documents, set two, where Plaintiff's request for documents from Officer Ciprian's personnel file is found.

The court agrees with Defendants that Officer Ciprian's job transfer from one department to another department is not relevant to any of Plaintiff's claims. Plaintiff's only claim in this case is that defendants Ciufo, Miller, and Zaragoza failed to protect him from Plaintiff's cellmate who struck Plaintiff in the jaw. To succeed on a failure-to-protect claim, a plaintiff must demonstrate that the defendant was consciously aware (knew) that a substantial risk of serious harm to the plaintiff existed and that even so, the defendant ignored the risk or acted unreasonably in response to the risk, causing injury to the plaintiff. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The fact that Officer Ciprian changed jobs and was transferred from one department to another does not support any of Plaintiff's claims in this action. Plaintiff's speculation that the Form 50 may contain certain additional evidence is merely speculation.

If Plaintiff is entitled to a copy of Form 50 pursuant to BOP Program Statements (i) 1351.05, 9(a); Release of Information and (ii) 3000.05, §294.1, 9, and the Human Resources Management Manual, he should make a written request to prison officials using the process approved at the penitentiary.

Thus, Plaintiff's argument that Defendants defied the court's order by failing to provide him a copy of Form 50 documenting Officer Ciprian's job transfer, fails.

///

///

## V. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on April 29, 2019, is DENIED;

2. Defendants are required to make a computer search of Plaintiff's central file at USP-Coleman on the computer system where Plaintiff's computerized central file is kept;

3. Within thirty days from the date of service of this order, Defendants shall either:

    (1) (if Defendants do not locate the 8-page report) file a written notice of compliance with the court describing their reasonable efforts to locate the 8-page report; or

    (2) (if Defendants locate the 8-page report) file a written notice of compliance informing the court that they have provided an unredacted copy of the report to Plaintiff, or, if they determine that the report should be withheld or redacted pursuant to the official information privilege, provide unredacted copies of the report to the court for *in camera* review, submitting a privilege log and an affidavit from an official of the agency in control of the materials sought.

IT IS SO ORDERED.

Dated: **November 20, 2020**         **/s/ Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE