UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY, | **1:17-cv-00533-DAD-GSA (PC)** |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | **(ECF No. 135.)** |
| JACQUILINE CIUFO, et al., | |
| Defendants. | |

**I. BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On June 14, 2021, Plaintiff filed a motion for reconsideration of the court's order issued on November 12, 2020, which denied Plaintiff's request for issuance of subpoenas as untimely.

**II. MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

**Plaintiff's Motion**

Plaintiff requests reconsideration of the court's order issued on November 12, 2020, which denied Plaintiff's request for the issuance of subpoenas as untimely because discovery had closed on June 5, 2020, more than five months before Plaintiff filed his request. (ECF No. 135.) Plaintiff argues that reconsideration should be granted because the facility where he is incarcerated was subject to lockdowns to prevent the spread of Covid-19 from April 1, 2020, until June 2020, and there were other lockdowns due to violence, further disrupting the normal operation of the facility. Plaintiff argues that these conditions subjected him to excusable delay.

This case is at the stage when the court usually schedules trial. Discovery was closed on June 5, 2020, and the dispositive motions deadline expired on August 5, 2020. No dispositive motions are pending. On May 25, 2021, the parties participated in a settlement conference before

Magistrate Judge Stanley A. Boone, and the case did not settle. The case has now been scheduled for a telephonic trial confirmation hearing on September 26, 2022, before District Judge Dale A. Drozd, to prepare for trial. Defendants would be prejudiced if discovery was reopened at this stage of the proceedings.

Plaintiff has not set forth facts of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on June 14, 2021, is **DENIED**.

IT IS SO ORDERED.

Dated: **June 25, 2021**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE