UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>        Plaintiff,<br><br>   vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>        Defendants. | **1:17-cv-00533-DAD-GSA-PC**<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR INSTRUCTIONS TO EXPEDITE PAYMENT OF TRAVEL EXPENSES FOR UNINCARCERATED WITNESSES**<br>**(ECF No. 148.)** |

**I.      BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).  This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

This case is scheduled for a Pretrial Conference (aka Trial Confirmation Hearing) on October 17, 2022 at 1:30 p.m. before the Honorable Ana de Alba in Courtroom 1.  To date, trial has not been scheduled for this case.

On May 28, 2022, the court issued a Second Scheduling Order, which contained instructions for Plaintiff to request witnesses to appear at trial. (ECF No. 132.)  In the Order, Plaintiff was advised as follows.

> If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.
>
> If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the court in writing of the name and location of each unincarcerated witness. The court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the court. Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

(ECF No. 132 at 5-6 ¶4.)

On September 1, 2022, Plaintiff filed motions for the attendance of unincarcerated and incarcerated witnesses at trial. (ECF Nos. 140, 141.)  Plaintiff requested the attendance of two unincarcerated witnesses, La Ronica Gardea (formerly employed at U.S. Penitentiary-Atwater) and Corrections Officer Ciprian (currently employed at U.S. Penitentiary-Atwater). (ECF No. 140.)  Plaintiff asserted that he is unable to provide these witnesses' current addresses because he is unable to ascertain the current place of employment of La Ronica Gardea, and he cannot obtain an address for C/O Ciprian because of a lockdown at the prison. (Id.)

On October 7, 2022, Plaintiff filed a request for instructions to expedite payment of travel expenses for his unincarcerated witnesses.  (ECF No. 148.)

## II. PLAINTIFF'S REQUEST

Plaintiff again asserts that he is unable to obtain addresses for his two prospective unincarcerated witnesses because federal inmates are not permitted to locate, obtain, or possess addresses for Federal Bureau of Prisons staff.   Plaintiff requests that the court obtain addresses and calculate travel expenses for his two witnesses so that Plaintiff can submit the required money orders.

Plaintiff must obtain and provide his witnesses' addresses to the court himself.  The court is not available to conduct research for Plaintiff.[1]  However, if Plaintiff has an address for U.S. Penitentiary-Atwater, and his prospective witness C/O Ciprian is employed there, then Plaintiff already has C/O Ciprian employer's address.

Importantly, the deadline to initiate the process to obtain attendance of unincarcerated witnesses who refuse to testify voluntarily expired on October 5, 2022.  (ECF No. 138 at 5.) Plaintiff is advised to immediately file a motion for extension of the deadline for the court's consideration, showing good cause why the deadline to provide addresses and money orders should be extended.  If the deadline is not extended, then it is too late for Plaintiff to complete the process to obtain attendance of unincarcerated witnesses who refuse to testify voluntarily.

## III. CONCLUSION

Accordingly, the court **HEREBY ORDERS** as follows:

1. This matter is set for telephonic trial confirmation hearing before the Honorable Ana de Alba on **October 17, 2022 at 1:30 p.m.** in Courtroom 1; and

---

[1] It is not the court's duty to act as Plaintiff's counsel or paralegal in these matters. Martinez v. Court of Appeal of Cal., Fourth Appellate Dist., 528 U.S. 152, 162, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000) ("[T]he trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal 'chores' for the defendant that counsel would normally carry out"); Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers.").

2. Plaintiff's request for instructions to expedite payment of travel expenses for unincarcerated witnesses who refuse to testify voluntarily is granted by this order.

IT IS SO ORDERED.

Dated: **October 10, 2022**               **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE