UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>    Plaintiff,<br><br>    v.<br><br>JACQUILINE CIUFO, et al.,<br><br>    Defendants. | **1:17-cv-00533-ADA-GSA (PC)**<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>**(ECF No. 147.)** |

**I.    BACKGROUND**

Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant (Lt.) J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

On September 21, 2022, Plaintiff filed a motion for reconsideration of the court's order issued on September 13, 2022, which granted Defendants' September 8, 2022 ex parte application to continue the pretrial conference and jury trial in this case. (ECF No. 147.)

1

## II.     MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### Plaintiff's Motion

Plaintiff requests reconsideration of the court's order issued on September 13, 2022, which granted Defendants' September 8, 2022 ex parte application to continue the pretrial conference and jury trial. Plaintiff argues that Defendants' request to continue the hearing and trial date based on defense counsel's conflicts with upcoming international travel and scheduled trial in another case, did not show good cause to continue the pretrial conference and jury trial.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

### III. CONCLUSION

Based on the foregoing, it is **HEREBY ORDERED** that Plaintiff's motion for reconsideration, filed on September 21, 2022, is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 22, 2022**          /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE