# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>　　　　　Defendants. | 1:17-cv-00533-ADA-GSA (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESS RICHARD POTTS AT TRIAL**<br><br>**(ECF No. 141.)** |

## I.　BACKGROUND

Plaintiff is a federal prisoner proceeding *pro se* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively, "Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)  This case is

scheduled for a Pretrial Conference on May 22, 2023 at 1:30 p.m. and Jury Trial on August 1, 2023 at 8:30 a.m., before the Honorable Ana de Alba.

On September 1, 2022, Plaintiff filed a motion for the attendance of incarcerated witness Richard Potts, Reg. No. 51522-066, who is housed at U.S. Penitentiary-Terre Haute, Indiana, Life Connections Program Unit, to testify at trial. (ECF No. 141.) Defendants have not filed an opposition and the time to do so has passed. Local Rule 230(*l*).

In support of his motion, Plaintiff declares under penalty of perjury that:

(1) Potts refuses to testify voluntarily;

(2) Potts was present at U.S. Penitentiary-Atwater, California, 5B Unit, on or about March 20, 2016;

(3) Plaintiff and assailant Norman Shelton were also housed at U.S. Penitentiary-Atwater, California, 5B Unit, on or about March 20, 2016, when Shelton cut Plaintiff's nose with a razor;

(4) Potts saw Plaintiff's cut nose, instructed Plaintiff to ask Defendant Miller to move Plaintiff to a different cell away from Shelton; and

(5) Potts confronted Shelton about cutting Plaintiff's nose.

(Id.)

Plaintiff also informs the Court that he is unable to provide Potts' address.

## II. LEGAL STANDARD

The uncertainty regarding whether or not the proposed witness is willing to testify voluntarily does not preclude this Court from ordering his transportation. King v. Biter, No. 115CV00414JLTSABPC, 2022 WL 891604, at *1 (E.D. Cal. Mar. 25, 2022). "Both sides in a trial have the right to call witnesses, and the power to compel witness testimony is essential to our system of justice." Masterson v. Killen, No. 111CV01179SABPC, 2018 WL 953169, at *1 (E.D. Cal. Feb. 20, 2018) (quoting Barnett v. Norman, 782 F.3d 417, 422 (9th Cir. 2015)). A judge cannot "allow a witness to refuse to testify because he would prefer not to answer a question." Id. (quoting Barnett, 782 F.3d at 422). "The public's interest in full disclosure and the fair administration of justice overrides concerns that testimony might be inconvenient,

burdensome, or harmful to a witness's social or economic status." Id. (quoting Barnett, 782 F.3d at 422.))

In determining whether to grant Plaintiff's motion for the attendance of his proposed witness, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  King, 2022 WL 891604, at *1 (citing Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)).

**III.   DISCUSSION**

Plaintiff alleges in the complaint that on March 20, 2016, he informed Defendant Zaragoza that Plaintiff's cellmate, inmate Shelton, had cut Plaintiff's nose with a razor.

Plaintiff submits that inmate Potts has actual knowledge of relevant facts as Plaintiff contends that Potts saw Plaintiff's cut nose, instructed Plaintiff to ask Defendant Miller to move Plaintiff to a different cell away from inmate Shelton, and confronted Shelton about cutting Plaintiff's nose.

Plaintiff informs the Court that he cannot provide an address for inmate Richard Potts. However, Plaintiff states that inmate Richard Potts, BOP Register No. 51522-066, is currently housed at the U.S. Penitentiary-Terre Haute, Indiana, Life Connections Program Unit.  This address is sufficient.

After weighing the relevant factors and based on Plaintiff's declaration, the Court finds that inmate witness Richard Potts has first-hand knowledge of the March 20, 2016 incident. Thus, Plaintiff has sufficiently demonstrated that Richard Potts' presence at trial will substantially further the resolution of the case.  However, there are significant expenses regarding transportation and substantial security concerns for transferring this inmate witness to court.

Under Federal Rule of Civil Procedure 43(a), the Court may permit testimony in open court by contemporaneous video transmission "[f]or good cause in compelling circumstances and with appropriate safeguards[.]"

Richard Potts is currently incarcerated at the U.S. Penitentiary in Terre Haute, Indiana, which is more than two thousand miles from the Court in California. As a result, transporting the inmate witness from that facility with sufficient security will be costly, require significant time, present housing issues, and would be disruptive for the inmate himself. Barnett v. Gamboa, No. 1:05-cv-01022-BAM (PC), 2015 U.S.Dist.LEXIS 169630, at *5-6 (E.D.Cal. Dec. 18, 2015.)) Good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings, see Beltran-Tirado v. I.N.S., 213 F.3d 1179, 1186 (9th Cir. 2000) (telephonic testimony appropriate where witness was in Missouri and hearing was in San Diego); Humbert v. O'Malley, 303 F.R.D. 461, 465 n. 20 (D. Md. 2014) (witness in Michigan and trial in Maryland); FTC v. Swedish Match N.A., Inc., 197 F.R.D. 1, 2 (D. D.C. 2000) (witness in Oklahoma and trial in Washington, D.C.), or where the costs and safety concerns of producing the witness is particularly high. Id. (citing see Saenz v. Reeves, No. 1:09-cv-00557, 2013 U.S. Dist. LEXIS 53979, 2013 WL 1636045, at *3 (E.D. Cal. April 16, 2013) (video testimony permitted where there was "significant expense and security risk" involved in producing inmate witness)). Furthermore, it is not practicable to stay this case until this inmate is released. Id. In addition, there may be security concerns for having this inmate physically appear in Court. The Court finds that the transportation costs and the security issues outweigh the Plaintiff's need for the witness's physical presence in Court.

Contemporaneous video testimony is an appropriate method for allowing inmate Potts to testify in this case. Id. Because a witness testifying by video is observed directly with little, if any, delay in transmission, video testimony can sufficiently enable cross-examination and credibility determinations, as well as preserve the overall integrity of the proceedings. Id. (citing see Parkhurst v. Belt, 567 F.3d 995, 1003 (8th Cir. 2009); see also Swedish Match N. Am., 197 F.R.D. at 2 (finding that there was "no practical difference between live testimony and contemporaneous video transmission")). In balancing the factors the Court is required to

consider, the Court finds that the circumstances in this case are best served by having the inmate witness testify via video. Id.

Based on the foregoing, the Court will grant Plaintiff's motion for the attendance of inmate witness Richard Potts, and shall order that Potts be made available to testify via video conference at trial.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of inmate witness Richard Potts at trial (ECF No. 141) is granted. Inmate Potts shall appear at trial by video conference pursuant to Red. R. Civ. P. 43(a); and
2. At the appropriate time before trial, the Court shall issue an order for inmate Potts to be made available to testify at trial by video conference.

IT IS SO ORDERED.

Dated:   **November 3, 2022**                       **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE