UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>JACQUILINE CIUFO, et al.,<br><br>　　　　Defendants. | 1:17-cv-00533-ADA-GSA (PC)<br><br>**ORDER GRANTING MOTION FOR UNINCARCERATED WITNESSES, IN PART**<br><br>**(ECF No. 140.)**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF INVESTIGATOR**<br><br>**ORDER RE PLAINTIFF'S MOTION FOR EXTENSION OF TIME**<br><br>**(ECF No. 153.)**<br><br>**DEADLINE TO PROVIDE NAMES AND ADDRESSES OF UNINCARCERATED WITNESSES: April 7, 2023**<br><br>**DEADLINE TO SUBMIT MONEY ORDERS FOR UNINCARCERATED WITNESSES: May 8, 2023** |

**I.　　BACKGROUND**

　　Plaintiff is a federal prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). This case now proceeds with Plaintiff's original Complaint filed on April 17, 2017, against defendants Jacqueline Ciufo (Unit Manager), K. Miller (Corrections Officer), and Lieutenant J. Zaragoza (collectively,

"Defendants"), for failure to protect Plaintiff in violation of the Eighth Amendment. (ECF No. 1.)

This case is scheduled for a Pretrial Conference on May 22, 2023 at 1:30 p.m. and Jury Trial on August 1, 2023 at 8:30 a.m., before the Honorable Ana de Alba.

On September 1, 2022, Plaintiff filed a motion for the attendance of unincarcerated witnesses who refuse to testify voluntarily. (ECF No. 140.) On October 24, 2022, Plaintiff notified the Court of names and addresses of his prospective unincarcerated witnesses. (ECF No. 152.) On October 28, 2022, Plaintiff filed a motion for extension of time to provide addresses and money orders for service of subpoenas. (ECF No. 153.) Plaintiff also requested the appointment of an investigator. (Id.)

## II. MOTION FOR ATTENDANCE OF UNINCARCERATED WITNESSES

Plaintiff requests attendance at trial of three Bureau of Prisons personnel witnesses who refuse to testify:

(1) **La Ronica Gardea**, Special Investigative Service, who was formerly employed at the U.S. Penitentiary-Atwater; Gardea acted in the capacity of Special Investigative Staff at USP-Atwater, charged with conducting interviews; Plaintiff is unable to obtain a current address for this witness;

(2) **Corrections Officer FNU Ciprian**, who is currently employed at the U.S. Penitentiary-Atwater, P.O. Box 019001, Atwater, California; C/O Ciprian made attempts to move Plaintiff away from Plaintiff's assailant but was rebuffed by Defendants Miller and Zaragoza; and

(3) **Stacey Vasquez**, Expert Witness, U.S. Penitentiary-Atwater, P.O. Box 019001, Atwater, California; Vasquez acted as paramedic who treated Plaintiff.

Plaintiff states that these three witnesses may offer testimony crucial to Plaintiff's case.

### Discussion

On May 28, 2021, the Court issued the Second Scheduling Order that instructed Plaintiff on the procedures for obtaining the attendance of witnesses. (ECF No. 132.) Plaintiff was advised that he must show the prospective witness's actual knowledge of relevant facts by clearly

explaining <u>when</u> and <u>where</u> the witness was and what the witness <u>saw</u>, <u>heard</u>, or otherwise <u>knew</u> about the events at issue in the complaint. In other words, what can each witness testify to in support of Plaintiff's claims that Defendants failed to protect him from harm?

Plaintiff alleges in the Complaint that on March 20, 2016, his cell mate cut Plaintiff's nose with a razor. Plaintiff informed Defendants Miller, Ciufo, and Zaragoza about the incident and asked to be moved to another cell, but they all refused to assist him. The cell mate had a long history of serious assaults in which his victims required hospitalization, and Defendants Miller, Ciufo, and Zaragoza were aware of these assaults. On April 2, 2016, the same cell mate struck Plaintiff on the left side of his jaw.

Plaintiff has not provided sufficient information for witness **La Ronica Gardea**. Plaintiff must provide Gardea's current address and inform the Court of the witness's actual knowledge of relevant facts. The Court shall not grant Plaintiff's motion to bring Gardea to trial unless Plaintiff provides more information.

A party seeking to compel the attendance of a witness for trial must deposit fees for the witness in advance of the Court issuing a witness subpoena. That fee encompasses the $40.00 daily witness fee plus the costs of the witness's travel to and from the courthouse. 28 U.S.C. § 1821. The current mileage reimbursement rate is set at $0.625 per mile. http://www.gsa.gov/mileage.

It appears that **C/O Ciprian** and **Stacey Vasquez** can testify to relevant facts. For these two witnesses, the round-trip distance to travel from the federal Penitentiary in Atwater, California, to the federal courthouse in Fresno, California is 135 miles. At $0.625 cents per mile reimbursement rate, the cost to subpoena these prospective witnesses would be $85.00 plus the $40.00 daily witness fee for a total of **$125.00**. No statute authorizes the use of public funds to cover these payments and plaintiff's *in forma pauperis* status does not obviate his need to pay them. For each witness, Plaintiff must submit a money order made payable to the witness. The subpoenas will not be issued absent payment in full.

///

///

## II. MOTION FOR EXTENSION OF TIME

Plaintiff filed a motion seeking an extension of time to provide names, addresses, and money orders for each prospective unincarcerated witness. Due to the dates for the Pretrial Conference (May 22, 2023 at 1:30 p.m.) and Jury Trial (August 1, 2023 at 8:30 a.m.) in this case, the Court has set a deadline of **May 8, 2023** for Plaintiff to submit money orders to the court for unincarcerated witnesses. (ECF No. 146.) Plaintiff must provide names, addresses, and information about each witness's knowledge of relevant facts on or before **April 7, 2023**. These deadlines should allow Plaintiff ample time before the Pretrial Conference to provide the required information and money orders.

## III. MOTION FOR APPOINTMENT OF INVESTIGATOR

Plaintiff requests a court-appointed investigator to assist him with finding current addresses for prospective witnesses. Plaintiff states that he believes La Ronica Gardea has retired from the U.S. Penitentiary in Atwater, but he does not know Gardea's current address.

Plaintiff has been granted leave to proceed with this action *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 4.) However, the *in forma pauperis* statute does not authorize the expenditure of public funds for investigators. Santos v. Baca, No. 211CV01251KJDNJK, 2014 WL 12910916, at *2 (D. Nev. Aug. 19, 2014) (citing see 28 U.S.C. § 1915; see also Hadsell v. Internal Revenue Service, 107 F.3d 750, 752 (9th Cir. 1997); Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993); Brown v. Johnson & Johnson, Inc., Case No. 1:17-cv-01285-AWI-EPF, 2018 WL 5734531, *2–3 (E.D. Cal. Oct. 31, 2018) (holding that "the Court is without authority to appoint an investigator or researcher to assist Plaintiff.")). Accordingly, Plaintiff's request to appoint an investigator shall be denied.

Plaintiff's instant motion concerns funding, because only litigants who need funding need permission to hire a private investigator. Id. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. Id. (citing Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (citing United States v. MacCollom, 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976)). The two potential sources of Congressional authorization are 28 U.S.C. § 1915 and 18 U.S.C. § 3006A. Id. First, "[t]he *in forma pauperis* statute, 28

U.S.C. § 1915, does not authorize the expenditure of funds for a private investigator." Id. (quoting Covarrubias v. Gower, 2014 WL 342548, *1 (N.D. Cal. Jan. 28, 2014) (citing Tedder, 890 F.2d at 212) (pauper statute does not waive the payment of fees or expenses for an indigent's witnesses). Second, the Criminal Justice Act, 18 U.S.C. § 3006A, does not apply because this is a civil, and not a criminal, case. Id. Thus, no Congressional authorization exists for the appointment of a private investigator.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for the attendance of unincarcerated witnesses at trial, filed on September 1, 2022, is **GRANTED** in part, as to witnesses **C/O Ciprian** and **Stacey Vasquez**, and **DENIED** as to witness **La Ronica Gardea**;

2. Plaintiff's motion for extension of time, filed on October 28, 2022, is resolved;

3. Plaintiff is granted **until April 7, 2023** in which to provide the Court with names and addresses for prospective unincarcerated witnesses who refuse to testify voluntarily, and information about their knowledge of relevant facts for trial;

4. Plaintiff is granted **until May 8, 2023** in which to submit money orders made out to each unincarcerated witness for witness fees and transportation costs;

5. Plaintiff must submit separate money orders in the amount of $125.00 made out to each of the witnesses, C/O Ciprian and Stacey Vasquez, on or before May 8, 2023, for their witness fees and transportation from the U.S. Penitentiary in Atwater, California to the courthouse in Fresno, California; and

6. Plaintiff's motion for appointment of an interpreter, filed on October 28, 2022, is DENIED.

IT IS SO ORDERED.

Dated:  **November 8, 2022**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE