UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MITCHELL GARRAWAY,<br><br>   Plaintiff,<br><br>  v.<br><br>JACQUILINE CIUFO, et al.,<br><br>   Defendants. | No. 1:17-cv-00533-ADA-GSA (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION<br><br>(ECF No. 156) |

  Plaintiff Mitchell Garraway ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), and the Eighth Amendment. Plaintiff alleges that Defendants violated his Eighth Amendment rights while he was incarcerated at the U.S. Penitentiary at Atwater by failing to move him from a cell after he reported that his cellmate had cut his nose with a razor and struck Plaintiff's left side of his jaw. (ECF No. 1 at 4.) Plaintiff's cellmate had a long history of serious assaults in which his victims required hospitalization. (ECF No. 84 at 2.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On August 5, 2019, the assigned Magistrate Judge issued findings and recommendations, recommending that the motion for judgment on the pleadings brought by Defendants Jacquiline Ciufo, K. Miller, and J. Zaragosa be granted. (ECF Nos. 42, 84.) On February 21, 2020, the then-assigned District Judge declined to adopt the findings and recommendations and denied

1

Defendants' motion for judgment on the pleadings. (ECF No. 94.) Currently before the Court is Defendants' request for relief from the denial of their motion for judgment on the pleadings pursuant to Local Rule 230(j). (ECF No. 156.) On December 22, 2022, Plaintiff filed his opposition to the motion for reconsideration. (ECF No. 157.)

## I. Legal Standard

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, the Court may relieve a party from a final judgment for six different reasons. Fed. R. Civ. P. 60(b). The instant motion falls under the sixth reason: "Any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or *if there is an intervening change in the controlling law*." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis added). In seeking reconsideration of an order, Local Rule 230(j) also requires a party to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## II. Defendants' Motion for Reconsideration

Defendants request relief from the denial of their motion for judgment on the pleadings based on an alleged intervening change in the controlling law, particularly the Supreme Court's decision in *Egbert v. Boule*, 142 S. Ct. 1793 (2022), and *Hoffman v. Preston*, No. 20-15396, 2022 WL 6685254 (9th Cir. Oct. 11, 2022). (*See* ECF No. 156.)

In *Egbert v. Boule*, 142 S. Ct. 1793 (2022), the Court held that *Bivens* did not create a Fourth Amendment excessive-force claim or a First Amendment retaliation claim against a United States Border Patrol Agent who allegedly assaulted the plaintiff on his own property and later retaliated against him for reporting that assault. *Id.* at 1802-09. The Court applied the two-step process from *Ziglar v. Abbasi*, 134 S. Ct. 1843 (2017), to determine a proposed *Bivens* claim: (1) whether the case presents a "new *Bivens* context," where it is "meaningfully different from the three cases[1] in

---

[1] *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment); *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment); *Bivens v. Six Unknown Named Agents of Federal Bureau of*

2

1  which the Court has implied a damages action;" and (2) if a claim arises in a new context, a *Bivens*
2  remedy is unavailable if there are "special factors" indicating that the judicial branch is at least
3  arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action
4  to proceed." *Id.* at 1803 (citing *Ziglar*, 134 S. Ct. at 1859-60). The Court noted that the inquiry
5  can easily be simplified to a single question: "whether there is any reason to think that Congress
6  might be better equipped to create a damages remedy." *Id.* "If there is a rational reason to think
7  that the answer is 'Congress' – as it will be in almost every case – no *Bivens* action may lie." *Id.*

8  Applying the *Ziglar v. Abbasi* test, the Court reasoned that Congress is better positioned to
9  create remedies in the border-security context, and the government already has provided alternative
10 remedies that protect similarly situated plaintiffs. *Id.* at 1804. The Court explained that the
11 judiciary is not undoubtedly better positioned than Congress to authorize a damages action in a
12 national-security context, directing courts to not independently assess the costs and benefits of
13 implying a cause of action. *Id.* at 1805. Rather, a court must inquire more broadly if it is competent
14 to authorize a damages action not just against the particular defendant in a case, but rather the
15 category of defendants generally. *Id.* at 1806. In *Egbert*, the Court found that the judiciary must
16 not authorize a damages action against Border Patrol agents in general and that it was inappropriate
17 for the lower court to inquire narrowly whether there may be a damages action against the particular
18 border patrol agent, defendant Boule. *Id.* Overall, the Court reversed the lower court's judgment
19 and found that there are no *Bivens* actions for Fourth Amendment excessive force violations and
20 retaliation for exercising First Amendment rights. *Id.* at 1809.

21 In response to *Egbert v. Boule*, the Ninth Circuit in *Hoffman v. Preston*, No. 20-15396, 2022
22 WL 6685254 (9th Cir. Oct. 11, 2022), held that an Eighth Amendment, Failure to Protect claim
23 may not provide the basis for a *Bivens* action. *Id.* at *1. The *Hoffman* court reasoned that *Egbert*
24 *v. Boule* precludes recognizing a *Bivens* remedy for the plaintiff's allegations. *Id.* The court
25 distinguished the case from *Carlson v. Green*, 446 U.S. 14 (1980), where the Court approved of a
26 *Bivens* remedy for prison officials' failure to provide adequate medical care. The plaintiff's

27 ─────────────────
28 *Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment).

allegations concerned a prison correctional officer intentionally creating the risk that another prisoner would assault him by publicly labeling him as a snitch and offering prisoners awards. The court found that these allegations do not constitute a *Bivens* action given the holding in *Egbert v. Boule*. Lastly, the court reasoned that "Congress has not authorized a damages remedy in this context, and there are 'rational reason[s]' why it might not, for example, the existence of the Bureau of Prisons' formal review process for inmate complaints." *Id.* (citing *Egbert*, 142 S. Ct. at 1803).

Here, Defendants argue that Plaintiff's allegations are similar to Hoffman's, where both amounted to Eighth Amendment failure to protect claims. Because the Ninth Circuit had strictly applied the *Egbert v. Boule* reasoning, Defendants request relief from the denial of their motion for judgment on the pleadings based on an alleged intervening change in the controlling law.

**III.     Discussion**

The Court denies Defendants' motion for reconsideration because *Farmer v. Brennan*, 511 U.S. 825 (1994), is still precedent in light of *Egbert v. Boule*. As a result, the Court upholds the then-assigned District Judge's order declining to adopt the findings and recommendation and deny Defendants' judgment on the pleadings.

In *Farmer v. Brennan*, the Court held that prison officials may be held liable under the Eighth Amendment for the failure to protect the plaintiff's safety. 511 U.S. at 847. The plaintiff filed a *Bivens* complaint, alleging a violation of the Eighth Amendment, because the defendants had placed the plaintiff in the general population despite knowledge that she, as a transgender woman, would be particularly vulnerable to sexual attack by some inmates. *Id.* at 830-31. Throughout the opinion, the Court referred to the matter as a *Bivens* action. *See id.* at 839 ("*Bivens* actions against federal prison officials (and their 42 U.S.C. § 1983 counterparts against state officials) are civil in character . . . ."). The main inquiry concerned the deliberate indifference standard of Eighth Amendment claims. *Id.* at 842. Thus, the Court did not dispute whether the plaintiff's Eighth Amendment claim for failure to protect was an actual *Bivens* action. Overall, the Court held that a prison official could "be held liable under the Eighth Amendment for denying humane conditions of confinement," emphasizing that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833-34, 848.

1       Here, Plaintiff's case does not differ in a meaningful way from *Farmer* and his claims do
2  not arise in a new *Bivens* context.  Plaintiff alleges that he was attacked by his cellmate after prison
3  officials left the two in the same cell despite his request to be moved, even though the latter had
4  already attacked Plaintiff once and had a history of attacking other inmates.  (*See* ECF No. 1.)  In
5  *Farmer*, the plaintiff, a transwoman, alleged in an Eighth Amendment *Bivens* action that she was
6  attacked and raped after being placed in the prison's general population even though prison officials
7  knew that she would be "particularly vulnerable to sexual attack[.]" *Farmer*, 511 U.S. at 830-31
8  (1994).  Without dissent, the Court addressed the case on the merits, acknowledged the plaintiff's
9  claim as cognizable, and remanded the matter to the trial court for further proceedings.  *Id.* at 847-
10 51. The same theory underlies both *Farmer* and the present case: prison officials demonstrating
11 deliberate indifference to an inmate facing the substantial risk of violent attack by other inmates.

12      *Egbert v. Boule* does not mention *Farmer v. Brennan*.  However, the *Egbert* Court limits its
13 analysis to the three cases in which the Court has implied a damages action: *Bivens v. Six Unknown*
14 *Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (Fourth Amendment), *Davis*
15 *v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment), and *Carlson v. Green*, 446 U.S. 14 (1980)
16 (Eighth Amendment).  *Egbert*, 142 S. Ct. at 1797.  The Court requires a court to ask whether the
17 case presents a new *Bivens* context, one that is "meaningfully different from the three cases in
18 which the Court has implied a damages action." *Id.*  This implies that *Farmer* is not considered a
19 case where there is an implied damages action.  However, it does not directly overturn *Farmer*.
20 Rather, *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), which established the two-step analysis employed
21 in *Egbert*, mentions *Farmer v. Brennan*.

22      In *Ziglar v. Abbasi*, the Court held that a *Bivens*-type remedy should not be extended to
23 Fifth Amendment claims challenging the confinement conditions imposed on the plaintiffs pursuant
24 to the formal policy adopted by executive officials in the wake of the September 11 attacks.  137
25 S. Ct. at 1848.  Nowhere in the plurality opinion did the Court mention *Farmer v. Brennan*, but the
26 dissent relied upon the case.  To support that the plaintiff's allegations constituted a *Bivens* action,
27 the dissenting Justices refer to *Farmer v. Brennan*, analogizing the plaintiff's allegations to that of
28 a federal prisoner in a Bureau of Prisons facility bringing a *Bivens* claim against the offending

5

1   individual officer for a constitutional deprivation, subject to the defense of qualified immunity. *Id.*
2   at 1877. The dissenting Justices further reasoned that the plaintiff brought a *Bivens* action because
3   the Court had previously found that the same Fifth Amendment substantive "deliberate
4   indifference" standard applies to a "*Bivens* case alleging that prison wardens were deliberately
5   indifferent to an inmates safety," referring to *Farmer v. Brennan*. *Id.* at 1878 (citing *Farmer*, 511
6   U.S. at 830, 834). Therefore, *Farmer v. Brennan* justifies the Court's denial of Defendants' motion
7   for reconsideration.

8   In the order declining to adopt the findings and recommendations, the then-assigned District
9   Judge agreed with Plaintiff that his case does not differ in a meaningful way from *Farmer v.*
10  *Brennan*, 511 U.S. 825 (1994), nor do his claims arise in a new *Bivens* context. (ECF No. 94 at 2.)
11  As the Court has previously reasoned, it would be incongruous to regard *Farmer* as a "new context"
12  when the Supreme Court in that case recognized a *Bivens* claim under the Eighth Amendment for
13  a failure to protect an inmate from violence by other prisoners. (*Id.* at 3.) The Supreme Court has
14  discouraged lower courts from renouncing its precedent on the belief that such cases were overruled
15  by implication, instead directing the lower courts to "follow the case which directly controls," even
16  if that precedent "appears to rest on reasons rejected in some other line of decisions." *Rodriguez*
17  *de Quijas v. Shearson/Am. Exp., Inc.*, 490 U.S. 477, 484 (1989); *see Bosse v. Oklahoma*, 137 S. Ct.
18  1, 2 (2016) ("Our decisions remain binding precedent until we see fit to reconsider them, regardless
19  of whether subsequent cases have raised doubts about their continuing vitality.") The Supreme
20  Court's decision in *Farmer* is a cornerstone of Eighth Amendment jurisprudence and remains
21  binding authority.

22  Because Plaintiff's allegations remain similar to those of Farmer, where both amounted to
23  Eighth Amendment failure to protect claims and *Bivens* actions, the Court denies Defendants'
24  motion for reconsideration. Such determination passes the *Ziglar v. Abbasi* test because the case
25  does not present a new *Bivens* context, precluding the Court from weighing the costs and benefits
26  of allowing a damages action to proceed. The Court does not need to consider whether there is any
27  reason to think that Congress might be better equipped to create a damages remedy because the
28  damages remedy already exists.

**IV. Conclusion**

Accordingly,

1. Defendants' Motion for Reconsideration filed on December 8, 2022, (ECF No. 156), is DENIED, upholding the Order Declining to Adopt Findings and Recommendations and Denying Defendants' Motion for Judgment on the Pleadings, (ECF No. 94); and

2. This matter is referred back to the assigned Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   February 1, 2023

_____
UNITED STATES DISTRICT JUDGE