UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Mitchell Theophilus Garraway

          Plaintiff,

  v.

Jacquiline Ciufo et al.,

          Defendants.

No. 1:17-cv-00533-KJM-GSA

ORDER

      Plaintiff Mitchell Garraway brings a claim under *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), against three defendants, Jacquiline Ciufo, K. Miller, and J. Zaragoza, all employees at a federal prison, alleging they violated his Eighth Amendment rights when they failed to protect him while he was incarcerated there. Defendants move the court to reconsider its previous denial of their motion for judgment on the pleadings, arguing recent Ninth Circuit decisions bar Garraway's claims from moving forward. As described more fully below, the court **grants** the motion.

**I.    BACKGROUND**

      Garraway was a federal prisoner in Atwater, California, in 2016 when he alleges his cellmate cut him on the nose with a razor. Compl. at 4, ECF No. 1. He informed Lieutenant Zaragoza of the incident and requested to be moved to another cell. *See id.* But Zaragoza refused to accommodate Garraway. *See id.* He had similar experiences with both Officer Miller and Unit

1    Manager Ciufu, who both refused to move him out of his cell. *See id.* The same cellmate then
2    struck Garraway in the jaw. *See id.* Garraway also alleges defendants knew this cellmate had a
3    violent history but nevertheless put him in the same cell with Garraway. *See id.*

4        Garraway filed this suit in April 2017 as a pro se prison litigant proceeding *in forma*
5    *pauperis*. *See id.;* Order (Apr. 20, 2017), ECF No. 4. He alleges defendants were deliberately
6    indifferent to his safety under the Eighth Amendment pursuant to *Bivens*, 403 U.S. 388, and under
7    18 U.S.C. § 4042. *See* Compl. at 1. Among other remedies, Garraway seeks compensatory and
8    punitive damages from all defendants, a transfer to a different federal prison, single-cell
9    accommodations, the dismissal of Zaragosa from BOP employment and permission to have group
10   prayer in the prison yard. *See id.* at 7–10. A magistrate judge screened the claim under 28 U.S.C.
11   § 636(b)(1) and 28 U.S.C. § 1915(a) and recommended Garraway's *Bivens* claims proceed but
12   dismissed his claims under 18 U.S.C. § 4042 because the statute does not create a private right of
13   action. *See generally* F&Rs (Apr. 9, 2018), ECF No. 11. The court accepted the findings and
14   recommendations. *See* Order (July 18, 2018), ECF No. 12.

15       On February 2, 2019, defendant K. Miller moved for summary judgment, arguing
16   Garraway had not exhausted his administrative remedies before filing suit against him. *See* Def.
17   Miller's Mem. P. & A. Supp. Mot. Summ. J. at 2, ECF No. 41-2. The parties agreed Garraway
18   had administrative remedies available as outlined in 28 C.F.R. §§ 542.10–542.19. *See* F&Rs
19   (Mar. 4, 2020) at 4–5, 7–8, ECF No. 96. The parties also agreed Garraway had used and
20   exhausted those remedies—by filing an informal resolution form and three appeals—against
21   Ciufu and Zaragoza, but disagreed over whether Garraway had exhausted his remedies against
22   Miller because he had not explicitly referenced Miller as a defendant in his administrative remedy
23   requests. *See id.* at 8, 14–15. The magistrate judge recommended the court find Garraway had
24   properly exhausted his administrative remedies before filing his complaint and that it was not
25   necessary for Garraway to explicitly refer to Miller in those requests for the exhaustion
26   requirement to be met. *See id*. at 17–19. The court accepted those findings and
27   recommendations. *See* Order (Apr. 8, 2020), ECF No. 106.

A.     **Defendants' Motion for Judgment on the Pleadings**

On February 26, 2019, defendants moved for judgment on the pleadings, arguing Garraway failed to state a claim because he was attempting to establish a "new *Bivens* context" and the special factors outlined in *Ziglar v. Abbasi*, 137 S. Ct 1843 (2017), weighed against the court allowing him to do so. Defs.' Mem. P. & A. Supp. Mot. J. Pleadings at 1, ECF No. 42-1.

To understand both the court's previous holding on defendants' first motion for judgment on the pleadings and its decision in this order, some background on *Bivens* is necessary. *Bivens* actions are implied claims for damages against federal officials for violations of the Constitution. In *Bivens* itself, the plaintiff brought a claim for damages against federal officers for violating their Fourth Amendment rights. *See* 403 U.S. at 389–90. In two more instances, the Court explicitly authorized implied claims for damages against federal officials. In *Davis v. Passman*, the Court allowed a plaintiff to pursue a claim for damages under the Fifth Amendment for sex discrimination. *See* 442 U.S. 228, 245–46 (1979). In *Carlson v. Green*, the Court allowed the estate of a deceased federal prisoner to pursue a claim for damages under the Eighth Amendment against prison officials for failure to provide adequate medical treatment. *See* 446 U.S. 14, 16–17 (1980).

Since *Carlson*, decided now over 40 years ago, the Supreme Court has severely limited the ability of would-be plaintiffs to assert implied damages claims against federal officials for violations of the Constitution. *See Egbert v. Boule*, 142 S. Ct. 1793, 1799 (2022) (noting Court has "declined 11 times to imply a similar cause of action for other alleged constitutional violations"). Any extension of *Bivens* to contexts different from the three cases referenced above—*Bivens*, *Davis*, *Carlson*—is a "disfavored judicial activity." *Abbasi*, 137 S. Ct. at 1857 (internal marks and citations omitted). In *Abbasi*, for example, the Court noted *Bivens, Davis,* and *Carlson* "represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Id.* at 1855.

When examining a *Bivens* claim, courts now proceed in two steps. First, a court asks "whether the case presents a new *Bivens* context—i.e., is it meaningfully different from the three cases in which the Court has implied a damages action." *Egbert*, 142 S. Ct. at 1803 (internal

3

marks and citations omitted).  Second, if the case presents a new *Bivens* context, then the court examines whether "special factors indicat[e] . . . the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Id.*

In applying this test, the assigned magistrate judge recommended finding Garraway's Eighth Amendment failure to protect claim to arise from a new *Bivens* context, *see* F&Rs (Aug. 5, 2019) at 7, ECF No. 84, because the claim was legally and factually dissimilar from *Bivens*, *Davis* and *Carlson*, *see id.* (citing *Abbasi*, 137 S. Ct. at 1854–55).  The magistrate judge also recommended the court find special factors disfavored finding a new *Bivens* context because Garraway had alternative remedies available to him, notably injunctive and declaratory relief as well as relief through the BOP's administrative remedy process.  *See id* at 8.

The court declined to accept the magistrate judge's findings and recommendations.  *See* Order (Feb. 21, 2020), ECF No. 94.  The court reasoned Garraway had an established *Bivens* context because his allegations were factually and legally analogous to those in *Farmer v. Brennan*, 511 U.S. 825, 830–31 (1994), a *Bivens* case involving a transgendered inmate who alleged prison officials violated their Eighth Amendment rights by deliberately failing to protect them from other prisoners, *see id.* at 2–3.

### B.     Defendants' Motions for Reconsideration

In August 2022, the case was transferred to another judge in this district.  *See* Order (Aug. 24, 2022), ECF No. 139.  In December 2022, defendants moved for reconsideration of their motion for judgment on the pleadings, arguing a then-recent Supreme Court decision, *Egbert v. Boule*, 142 S. Ct. 1793 (2022), "dictates that no *Bivens* remedy may be implied for an Eighth Amendment failure-to-protect claim by a federal inmate." Defs.' Mem. P. & A. Supp. Mot. Recons. at 6, ECF No. 156-1.  Defendants also pointed to an unpublished decision by the Ninth Circuit in *Hoffman v. Preston*, 2022 WL 6685254, that held a plaintiff could not bring an Eighth Amendment failure-to protect claim under *Bivens*.  *Id.* at 5–6.  The court denied the reconsideration motion, determining *Farmer* is "still precedent in light of *Egbert v. Boule*," Garraway's claim "does not differ in a meaningful way from *Farmer* and [Garraway's] claims do not arise in a new *Bivens* context." Order (Feb. 1, 2023) at 4–5, ECF No. 158.

1    Defendants appealed the denial of their motion for reconsideration. Notice Interlocutory
2    Appeal, ECF No. 160. The court stayed the case pending the Ninth Circuit's decision. *See* Order
3    (May 2, 2023), ECF No. 165. The Ninth Circuit held it had no jurisdiction to hear the appeal.
4    *See Garraway v. Ciufu*, 113 F.4th 1210, 1213 (9th Cir. 2024). The case was then reassigned to
5    the undersigned after the previous judge overseeing this case was appointed to the Ninth Circuit
6    Court of Appeals, *see* Order (Apr. 3, 2024), ECF No. 168, and the court lifted the stay. *See* Order
7    (Dec. 3, 2024), ECF No. 171.

8    On February 5, 2025, defendants filed a second motion for reconsideration of their motion
9    for judgment on the pleadings, ECF No. 172, arguing two recent published Ninth Circuit
10   opinions, *Chambers v. C. Herrera*, 78 F.4th 1100 (9th Cir. 2023), and *Marquez v. C. Rodriguez*,
11   81 F.4th 1027 (9th Cir. 2023), bar Garraway from using *Farmer* as an established *Bivens* context
12   in which to bring his claims, Defs.' Mem. P. & A. Supp. Mot. Recons. (Mem.) at 3, ECF No.
13   172-1. The matter is now fully briefed. *See* Response, ECF No. 173; Reply, ECF No. 174. The
14   court takes the matter under submission without holding a hearing. *See* E.D. Cal. L.R. 230(g).

15   **II.    LEGAL STANDARD**

16   Defendants can obtain relief from an order for "any . . . reason that justifies relief." Fed R.
17   Civ. P. 60(b)(6). But their motion for reconsideration should "not be used to ask the court to
18   rethink what the court [has] already thought through—rightly or wrongly." *United States v.*
19   *Rezzonico*, 32 F. Supp. 2d. 1112, 1116 (D. Ariz. 1998) (citations and internal marks omitted).
20   Their motion should present "newly discovered evidence" or show the court "committed clear
21   error" or argue there has been an "intervening change in the controlling law." *Marlyn*
22   *Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting
23   *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

24   Here, if defendants convince the court to reconsider its previous order, the court still will
25   need to consider whether Garraway's claims can succeed as a matter of law. A court can grant a
26   motion for judgment on the pleadings only if "there is no issue of material fact in dispute, and the
27   moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d 922, 925
28   (9th Cir. 2009). "A Rule 12(c) motion challenges the legal sufficiency of the opposing party's

pleadings and operates in much the same manner as a motion to dismiss under rule 12(b)(6)." *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006) (citing *Irish Lesbian and Gay Org. v. Giuliani*, 143 F.3d 638, 644 (2d Cir. 1998)). "Judgment on the pleadings is appropriate if, assuming the truth of all material facts pled in the complaint, the moving party is entitled to judgment as a matter of law." *Rakofsky v. Mercedes-Benz USA, LLC*, No. 22-4427, 2024 WL 1329923, at *2 (N.D. Cal. Mar. 27, 2024) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989)).

### III.   ANALYSIS

#### A.   Reconsideration

Defendants request the court reconsider its denial of defendants' motion for judgment on the pleadings by arguing an intervening change in the law bars Garraway from relying on *Farmer* to support his claim as fitting within an established *Bivens* context. Mem. at 5–7.

Here, both in its denial of defendants' motion for judgment on the pleadings and in its denial of defendants' first motion for reconsideration, the court found Garraway's damages claims arise from the same context as did the claims in *Farmer*. *See* Order (Feb. 21, 2020) at 2; Order (Feb. 1, 2023) at 4–5. The court does not find clear error in those previous findings and continues to hold Garraway's claims are not meaningfully different from the claims in *Farmer*.

However, since the court's initial denial of defendants' motion for judgment on the pleadings and since the court's denial of defendants' motion for reconsideration, the Ninth Circuit has definitively held that "*Farmer* is not a recognized *Bivens* context." *Marquez*, 81 F.4th at 1030–31. In *Chambers*, for example, the plaintiff alleged First and Eighth Amendment violations under *Bivens*. *See* 78 F.4th at 1103. The Circuit held the plaintiff had failed to show his claim for damages was one of the established *Bivens* contexts under either *Bivens, Davis or Carlson*. *See id.* at 1104–05. In a footnote, the Circuit noted "[t]he Supreme Court has never recognized *Farmer* as a *Bivens* action. We will not do so in the first instance." *Id.* at 1105 n.2. The same year, the Circuit decided *Marquez*. *See* 81 F.4th at 1027. There the plaintiff alleged jail officers were deliberately indifferent to his safety and sought a *Bivens* remedy under the Fifth Amendment, arguing his *Bivens* action came within a recognizable context under *Farmer*. *See id.*

6

1  at 1029. The Circuit held *Farmer* is not an established *Bivens* context because *Farmer* was not
2  one of the three cases the Supreme Court held were established *Bivens* contexts in *Abbasi*. *See id.*
3  at 1031. The Circuit declined "Marquez's invitation to recognize an implied fourth *Bivens*
4  context arising from *Farmer*." *Id.* "[T]here are but three [established *Bivens* contexts] and
5  *Farmer* is not one of them." *Id.*

The court previously found Garraway could rely on an established context under step one of the *Bivens* test because his claims were analogous to those in *Farmer*. *See* Order (Feb. 21, 2020) at 2; Order (Feb. 1, 2023) at 4–5. Given the subsequent holdings of the Ninth Circuit in *Hernandez* and *Marquez*, the court reconsiders its previous holding and finds Garraway cannot have an established *Bivens* context under *Farmer*.

### B. Judgment on the Pleadings

The court must now reconsider defendants' motion for judgment on the pleadings by re-applying the two-step *Bivens* test that determines whether the plaintiff has a viable claim. *See Marquez*, 81 F.4th at 1031–32. First, the court determines whether Garraway is in fact relying on an established *Bivens* context or whether he is asking the court to create a new *Bivens* context. A *Bivens* context is new when the case "differs in a meaningful way from previous *Bivens* cases." *Id.* at 1031 (quoting *Abbasi*, 137 S. Ct. at 1859). A meaningful difference can be

> because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the functioning of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Abbasi*, 137 S. Ct. at 1860.

Garraway's claim would establish a new *Bivens* context because it is factually and legally meaningfully different from *Bivens, Davis* and *Carlson*. Garraway is not alleging an illegal search under the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, or sex discrimination under the Fifth Amendment, *see Davis*, 442 U.S. at 245–46, so his cases are easily distinguishable from

*Bivens* and *Davis*. Like *Carlson*, Garraway makes a claim under the Eighth Amendment. *See* 446 U.S. at 16–17. However, Garraway's Eighth Amendment claim is meaningfully different as Garraway presents a completely different legal theory—failure to protect— than Carlson's claim—inadequate medical treatment—for why his Eighth Amendment rights were violated. *Compare* Compl. at 4 *with Carlson*, 446 U.S. at 16–17. Further, both the Ninth Circuit and district courts within the Ninth Circuit have held that a failure to protect claim under the Eighth Amendment is not within an established *Bivens* context. *See Chambers*, 78 F.4th at 1105–06; *Young v. Williams*, No. 22-0125, 2025 WL 42506, at *4 (S.D. Cal. Jan. 7, 2025).

Because Garraway's claims are meaningfully different from the three established *Bivens* contexts, the court must move on to step two of the *Bivens* test and determine whether special factors counsel against creating a new *Bivens* context. *See Marquez*, 81 F.4th at 1030. The Supreme Court has not "creat[ed] an exhaustive list of factors that may provide a reason not to extend *Bivens*." *Hernández v. Mesa*, 589 U.S. 93, 102 (2020) (internal marks and citations omitted). But courts generally are guided by two concerns under step two. First, courts should be guided by "separation-of-powers principles" and consider whether there are "sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy . . . ." *Marquez*, 81 F.4th at 1033 (quoting *Abbasi*, 137 S. Ct. at 1848). A separation of powers analysis involves determining whether "[t]he decision to recognize a damages remedy requires an assessment of its impact on governmental operations systemwide." *Abbasi*, 137 S. Ct. at 1858. Second, the court should examine whether "Congress has created any alternative, existing process for protecting [the injured party's] interest . . . ." *Id.* "If there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 137 S. Ct. at 1858. Further "whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." *Egbert*, 142 S. Ct. at 1807.

Here, Garraway's claims present separation of powers concerns. Like the Ninth Circuit in *Marquez*, the court is hesitant to extend *Bivens* to a context like Garraway's because "Congress has already legislated on prison administration without providing a damages remedy against jail officials" and the court should presume Congress intended not to provide such a remedy by this

8

omission. 81 F.4th at 1033 (citing 42 U.S.C. § 1997(e); *Abbasi*, 137 S. Ct. at 1865 ("[L]egislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation.")); *see also Chambers*, 78 F.4th at 1107 ("[A]ny decision by Congress or the Executive not to create an express Eighth Amendment failure to protect cause of action for prisoners, where it has legislated, suggests that they have decided against creating such an action."). Finding a damages remedy here implicates separation of powers concerns because the court would be interfering with Congress's designed remedial structure for federal prisoners.

The court also is persuaded by the analysis of the magistrate judge set forth in the 2019 findings and recommendations; the magistrate judge found Garraway had alternative remedies available to him. *See* F&Rs (Aug. 5, 2019) at 8–9. Garraway could have pursued his claims for equitable and injunctive relief for his alleged injuries under an 18 U.S.C. § 3626 claim instead of a *Bivens* claim. *See* Mem. at 8; *Abbasi*, 137 S. Ct. at 1862. Garraway also had available remedies under the BOP administrative grievance process that allows prisoners to challenge conditions of their confinement. *See* Mem. at 8 (citing *Egbert*, 142 S. Ct. at 1806 (holding availability of administrative grievance processes foreclosed possibility of *Bivens* remedy)). While Garraway was unsuccessful in obtaining an administrative remedy, he nevertheless had one available and the mere availability of such a remedial structure limits the power of the court to create a new *Bivens* context. *See Abbasi*, 137 S. Ct. at 1858; *see also Lee v. Matevousian*, No. 18-0169, 2018 WL 5603593, at *4 (E.D. Cal. Oct. 26, 2018) (finding available administrative remedial structure counseled hesitation and against finding new *Bivens* context); *Winstead v. Matevousian*, No. 17-0951, 2018 WL 2021040, at *2–3 (E.D. Cal. May 1, 2018) ("The existence of alternative remedies usually precludes a court from authorizing a *Bivens* action."). While it is true Garraway could not have obtained damages through the BOP administrative grievance process, Congress, and not the court, determines the adequacy of Garraway's remedies. *See Egbert*, 142 S. Ct. at 1807.

Garraway concedes that Ninth Circuit precedent bars his claim for damages from going forward but argues there should still be a trial to determine whether or not he is entitled to equitable or declaratory relief. *See* Response at 3. The government responds that Garraway

1  cannot seek declaratory and equitable relief based on a *Bivens* claim.  *See* Reply at 2.  The
2  government has the better argument.  In *Solida v. McKelvey*, the Ninth Circuit held plaintiffs
3  cannot seek injunctive and declaratory relief under *Bivens* if "the equitable relief sought requires
4  official government action."  820 F.3d 1090, 1093 (2016).  Here, all of Garraway's requests for
5  equitable relief—the termination of Zaragosa's employment, placement in a single-person cell,
6  and allowing group prayer in the prison yard—require government action.  *See* Compl. at 7–10.
7  Garraway's requests for equitable relief cannot go forward under a *Bivens* claim.

8  Because Garraway's claims present a new *Bivens* context and because special factors
9  weigh against establishing a new *Bivens* context, the court finds, even after taking all of his
10 allegations as true and finding all inferences in his favor, *see Fleming*, 581 F.3d at 925,
11 Garraway's *Bivens* claims fail as a matter of law because he does not have an actionable claim for
12 damages.

### IV. CONCLUSION

The government's motion for reconsideration is **granted.**  Garraway's claims are **dismissed with prejudice** and the clerk of the court is directed to **close the case.**

This order resolves ECF No. 172.

IT IS SO ORDERED.

DATED: April 4, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE